Pearson, J.
 

 If Black was a hireling,- whose wages were to be paid by an allowance of a certain part of the turpentine made by him, then the whole of the turpentine belonged to the plaintiff, until he delivered over to Black his share,
 
 as wages.
 

 If Black was a lessee of the trees for one year, and, by way of rent, was to deliver to the plaintiff one-fourth - of the turpentine made, then the whole belonged to Black until he delivered over to the plaintiff his share,
 
 as rent.
 

 The case states, that the
 
 “
 
 plaintiff agreed with Black that he might cultivate the trees and dip the turpentine,
 
 and have the boxes for a year;
 
 and Black promised to pay him therefor one-fourth of the turpentine.” This is clearly a lease for one year, provided turpentine trees can be leased. That is the question in the case.
 

 The authorities cited in Bacon’s Abrid., title “Leases and terms for years,” leave no doubt on this question. So, under title
 
 “
 
 Ejectment,” it is said ejectment
 
 lies pro prima tonsura;
 
 that is, if a man has a grant of the first grass that grows on the land every year, he may recover in ejectment; for the first grass or
 
 prima tonsura
 
 is the best profit, and, therefore, he that hath it shall be esteemed the proprietor of the land itself — for the after grass or feeding is in the nature of commonage. So, ejectment lies
 
 pro herbagia,
 
 because the herbage is the most signal profit of the soil, and the grantee hath a right at all times to enter and take it. But ejectment doth not lie
 
 depannagio, “
 
 because this is only the masts that fall from trees, which the swine feed on, and not part of the soil, as.
 
 the herbage
 
 is.” These positions are settled by many cases there cited.
 

 It may be that the privilege of picking up
 
 pine knots,
 
 to be
 
 *3
 
 burnt into tar, has the same relation to the right of cultivating the trees for turpentine that
 
 pannagio,
 
 or the privilege of taking the mast that falls, has to the right to take the herbage. However this may be, it is clear that the right to cultivate the trees for turpentine is the
 
 “most signal and best part of the land”
 
 fit for that purpose, and consequently, he that hath it is esteemed the proprietor of the land, , for the time necessary to cultivate and taire it away; and the right to bring ejectment implies that it is the subject of lease.
 

 It was said by Mr. Bryan, that the plaintiff and Black were tenants in common. We did not clearly see the ground upon which he took this position; but even if it were so, the plaintiff cannot maintain trover; for to maintain that action between tenants in common, it is necessary to show a destruction of the property, or some act tantamount to a destruction. Here there was a mere conversion by tire defendant, claiming under Black.
 

 Per Curiam. Judgment affirmed.