MOSES A. BLEDSOE v. MARY NIXON et al.

When a promissory note is given with a stipulation that the interest is to be paid annually or semi-annually, the maker is chargeable with interest at the like rate upon each deferred payment of interest, as if he had given a promissory note for the amount of such interest. By this mode of computation compound interest is not given, but a middle course is taken between simple and compound interest.

The case of Kennon v. Dickens, Conf. Rep. 357; S. C. Tay, Rep. 231, cited and approved.

This is the same with the case immediately preceding it. The following is the written agreement referred to:

"This agreement made and entered into this 27th day of January, A. D. 1852, between M. A. Bledsoe and Jere. Nixon, both of the city of Raleigh, witnesseth that the said Bledsoe for and in consideration of the sum of eighteen dollars and fifty cents per acre has bargained and sold to the said Nixon and his heirs, a certain tract or parcel of land lying in the county of Wake, on both sides of the Wild-cat branch, and bounded as follows: (Here the boundaries are giving.) And it is hereby agreed by both the parties hereto that the said Nixon shall execute and deliver to said Bledsoe three several notes, payable the first, on the 1st day of January, A. D. 1853; the second, on the 1st day of January, A. D. 1854; the third, on the 1st day of January, A. D. 1855; for an amount equal to the amount of the purchase money; interest on the said notes to be paid semi-annually. And the said Bledsoe binds himself, his heirs and executors to make and execute to said Nixon a good and lawful title in fee simple to the above-named land, whenever the said notes above-named are given for the purchase money, with the interest on the same, shall be fully paid and discharged.

Witness our hands and seals.

M. A. BLEDSOE, [SEAL.]

JERE. NIXON, [SLAL.]

WITNESS: GEO. T. COOKE.

When the case came on to be heard at the June Term, 1873, of the Superior Court, before his Honor, *Albertson, J.,* the plaintiff claimed to be entitled to interest on the deferred payments of interest on the above-mentioned notes, which his Honor refused to allow, and allowed only simple interest on them from the time when they respectively became due. From the judgment on this part of the case the plaintiff applealed.

*Smith & Strong*, for the plaintiff.

*Haywood* and *Fowle*, for the defendant.

PEARSON, C. J. Interest is the price agreed to be paid for the use of money. Rent is the price agreed to be paid for the use of land. Hire is the price agreed to be paid for the use of a horse or other article of personal property.

Call it interest, rent or hire, it becomes a debt at the time the party promised to pay it, and from that time he is using the money of the creditor or of the landlord or of the bailor, and ought to pay for the use of it, unless he be allowed to take advantage of his own wrong in not making payment at the day.

A lessee is to pay $100 a year rent, payable *on the first day of January in each and every year*. The rent is in arrear. The lessor may accept a promissory note of the lessee, which of course will bear interest, or he may sue and take judgment, and that will bear interest until paid. So when a horse is hired, the price to be paid at the *end of each month;* so when money is lent or there is a forbearance to sue for a debt upon an agreement that interest is to be paid annually, &c.

The rule being that " when a certain sum of money is to be paid at a specified time, on failure to pay, the party is to be charged with interest." The price for the use of the money, like rent due for land or the hire of a horse, being the money of the one, which the other party is having the use of, and should pay for.

Mr. Haywood in a well-considered argument put this case : " Three years after date I promise to pay A. B. $1,000, with interest from date." The note is not paid until the expiration of five years; why should not interest be charged upon the interest due at the end of the three years? The reply is : The parties having by *acquiescence* extended the credit from three to five years, the interest, which is an incident of the debt, goes with it, and *was not due* at the end of three years

and could not have been sued for as an independent debt. It is otherwise when the note contains an express promise to pay interest at specified times. At each time there is a certain sum of money *due*, for which an action lies.

On our part we will put this case: "Three years after date I promise to pay A. B. $1,000 with *eight* per cent. interest from date, the *interest to be paid on the 1st day of January in each and every year*. The note is not paid until after the expiration of five years; why should *eight* per cent. interest instead of *six* be computed after the first three years?" The reply is: The parties having by *acquiescence* extended the credit from three to five years, the interest, as an incident of the debt, goes with it, so that the debtor is not only bound to pay eight instead of six per cent. for the last two years, but he is bound to pay eight per cent. interest upon each defered instalment of interest, the legal effect of the indulgence given by the creditor being only an extension of the time of credit upon the terms set out in the note. A lessee for years who holds over becomes a tenant at sufferance; is bound for the same rent, may be ejected at any time, and is chargeable with interest upon the defered instalments of rent.

In our opinion the doctrine that "when there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at the like rate upon each defered payment of interest in like manner as if he had given a promissory note for the same amount," is sound on principle. By this mode of computation compound interest is not given. But a middle course is taken between simple and compound interest.

*In mediam viam tutissimus ibis.* By computing interest in this way effect is given to the stipulation to pay interest at fixed times; whereas, if simple interest be computed no effect whatever is given to the stipulation in regard to

interest, and the Court assumes the power to expunge it as surplusage, although it is manifest that the parties intended it to have some effect. Finding this doctrine settled by old cases in our State, *Kennon* v. *Dickson,* Con. Rep. 357, Taylor 231. We will not open the door for further agitation, although from the briefs of counsel, we see the cases are conflicting, and "much may be said on both sides."

There is error. Interest must be computed annually. Report of Clerk confirmed.

PER CURIAM. Order accordingly.