1. Statute of Limitations, C. C. P., sec. 16, application of, suspended to January 1, 1870, 65 N.C. 74. Action on sealed instrument againstprincipal thereto, must be brought in ten years. C. C. P., secs. 31, 32. Against surety thereto, in three years, C. C. P., sec. 34.
2. Statute of Limitations, C. C. P., sec. 16, shall not apply to any case in which an action has been commenced, or a right of actionalready accrued, but such cases shall be governed by the law in force at the adoption of the Code.
The question to be considered here is the actio accerevit. The defendant is a surety to the instrument on which this action is brought.
A demand, — that is reasonable notice given on the covenantor is necessary in this case, before right of action can accrue; there must be a breach of covenant before plaintiff can have cause of complaint. Here, there is no breach and none alleged. The contracting terms and words of the covenant are peculiar. The money is (710) loaned for the interest, the interest is to be paid "annually;" covenantor contracts to pay interest annually. Covenantee contracts it shall only become due and payable annually. From the contract it is clear A can have the money for one year, interest to be due and payable at the end of the year. At the end of the year B makes no demand, nor gives notice to A to pay the principal. B does not notify that the loan terminates now, but allows A to continue holding the money, and it results in a loan from year to year. A, being thus possessed of and entitled to a peculiar estate in the money. And B must give A reasonable notice before he can complain of a breach of covenant and sustain action against A to divest him of this estate. Nor can B have a right of action accrued until he gives notice to A to make payment; that is, the loan terminates; for the word "annually" is anoperative word here, and by virtue thereof. A acquires a vested estate or right, which is determinable and at an end, by a reasonable notice from B to A to make payment of principal. It is impossible for A to gather a constructive notice from the terms of the covenant, because the limitation to be put to the period of time created by the word "annually" is with B, and whenever B gives A reasonable notice, the period thus created is at an end; and if A fails to comply, then B has a right of action accrued, there is a breach of covenant. The covenant is an *Page 570 
evidence that A owes B, that is, a sum of money is due B, and absolutely payable according to the purport of the covenant. Story on Prom. Notes, f. 36, 529.
Now, the purport is, that the money is loaned for the period of a year, as is shown by the word "annually," and it not being returned at the end of that time, then B must give A notice.
This covenant is very different from the usual form of covenants to pay money. B, a Master and Clerk in Equity, invests funds for a length of time, as is clear from the contracting terms, and this is the purport of the covenant. If A is not entitled to notice, then B has a cause of action accrued immediately after the execution of the (711) covenant and can sue at once, which will utterly defeat the purport of the covenant, and deprive A of the use of the money, the consideration of the loan, but this is provided for by the word "annually." We have by parallel analogy: A rents a house from B for one year. B allows A to hold over and commence another year; an estate of tenancy from year to year is created, and B cannot evict A without first giving him six months notice. Stedman v. McIntosh,26 N.C. 291. In Bledsoe v. Nixon, 69 N.C. 89 Chief Justice PEARSON says, interest is given for the use of money, rent for the use of real property, c. In our case the loan is allowed to run from year to year; interest is as valuable as rent, money as real estate. Then we may say the covenantee in this case is entitled to reasonable notice, before a right of action can accrue.
This is a civil action begun the 27th of March, 1873, on a bond, of which the following is a copy, to wit:
"With interest from date, the interest to be paid annually, we promise to pay Joseph A. Englehart, Clerk and Master in Equity for Edgecombe county, five hundred and sixteen dollars and sixty-eight cents, for value received, this 28th day of May, 1860."
The defendant, Braswell, is one of the sureties thereon, and in his answer relies, 1. On a want of demand made before action, and 2. On the statute of limitations barring actions against sureties after three years. C. C. P., secs. 31 and 34. The defendant's counsel relies upon the words in the bond, "the interest to be paid annually," as constituting a covenant of loan for one year at least, and so from year to year, until the contract is terminated by notice and demand. No authority is cited for this construction, and in the absence of any express provision in the bond to that effect, the Court must give it that (712) obvious and natural construction which its wording implies, to *Page 571 
wit, that it due and payable from date, but if payment is postponed for one year or more, then the interest shall be annually due and collectable. The covenant is inserted for the benefit of the covenantee and is not to be construed to his prejudice.
This construction of the bond disposes also of the second defence, to wit, the statute of limitations; for, as the cause of action accrued before the C. C. P. went into effect, the 16th section of the Code expressly saves this and like cases from the operation of sections 31 and 34 of the Code, which bars actions against sureties after three years.
But the defendant says, if this be so, yet a part of the plaintiff's demand comes within the operation of the statute and is barred; for that inBledsoe v. Nixon, 69 N.C. 89, it is held that when there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at the like rate upon each deferred payment of interest in like manner as if he had given a promissory note for the same amount; and that therefore here such annual accretion of interest becomes a separate cause of action, and it was error in the Court under this plea to render judgment upon the deferred payments of interest which accrued after the Code went into effect and more than three years before action begun.
In this case his Honor gave judgment by computing interest upon the note and adding thereto the interest upon each deferred payment of interest.
In this there is no error. There is but one contract and that is evidenced by the bond which covenants to pay interest annually. Interest is an incident of the debt — a parcel of the bond — and partakes of its nature and therefore is barred by the same lapse of time only which bars an action on the bond out of which it arises.
It has been repeatedly held that coupons, though cut off from the bonds and put in circulation as other negotiable securities, still retain the dignity of the bonds from which they were separated, (713) and an action upon them is barred only as an action upon the bonds themselves. The City v. Lamson, 9 Wall, 483; City of Lexingtonv. Butler, 14 Wall, 282.
The ruling of his Honor upon both points is therefore sustained.
PER CURIAM. Judgment affirmed.
Faison v. Bowden, 74 N.C. 45; Welfare v. Thompson, 83 N.C. 279; Capellv. Long, 84 N.C. 19; Joyner v. Massey, 97 N.C. 150; Scott v. Fisher,110 N.C. 314; Jennings v. Morehead City, 225 N.C. 608. *Page 572