ABEL COX v. WILLIAM F. BROOKSHIRE.

*Usury -- Compound interest -- Evidence.*

1. An agreement to pay interest upon a note " at the rate of six per cent. per annum to be compounded annually" renders the contract usurious.

2. In the trial of an action when the defendant pleads usury it is incompetent to prove that the plaintiff has theretofore been sued for the penalty prescribed in the statute against usury.

(*Bledsoe* v. *Nixon*, 69 N. C. 89, cited, distinguished and approved.)

CIVIL ACTION, tried at Spring Term, 1876, of RANDOLPH Superior Court, before *Kerr, J.*

The plaintiff demanded payment of $2,696.99, due by several notes.

The defendant admitted the execution of the notes, but resisted payment upon the ground that the contract was usurious.

The defendant testified in substance ; that plaintiff and he had been partners in business ; that he bought the interest of plaintiff and executed the notes sued on in consideration of the purchase ; " that the agreement between them was that the interest should be paid at the rate of six per cent. per annum to be compounded annually ; that by virtue of said agreement he had paid to plaintiff interest upon interest at divers times ;" that no time was fixed when the interest was to be due or payable, but witness supposed it would be at the end of each year.

The plaintiff testified that he had never received of defendant a greater rate of interest than six per cent. On cross-examination the counsel for defendant proposed to ask witness if he had not been sued in several cases for the penalty incurred under the statute against usury. The question was ruled out by the Court and defendant excepted.

Under the instructions of His Honor the jury rendered a verdict for plaintiff. Judgment. Appeal by defendant.

*Mr. E. G. Haywood,* for plaintiff.
*Messrs. J. A. Gilmer* and *Gray & Stamps,* for defendant.

Rodman, J. The statements of the two parties who were examined as witnesses differed widely as to what their contract was. As it was stated to be by the plaintiff it was not usurious. As stated by the defendant we think it was. The Judge instead of leaving it to the jury upon the conflicting evidence as to what the contract was, instructed them in effect that even if they believed the contract to have been as stated by the defendant it was not usurious. We think he misconceived the decision in *Bledsoe* v. *Nixon,* 69 N. C. 89. It was held in that case that on an agreement to pay the interest annually, if the interest was not paid at the date when it became due interest might lawfully be collected on the interest at the rate stipulated for. But this was distinguished from compound interest where the interest is added to the principal at the end of each year *continually.* Practically the cases would be the same for two years if the debt was paid at the end of that time. But if the debt continued unpaid after that time the agreement in *Bledsoe* v. *Nixon* would not give compound interest, for although the first accretion of interest (resembling a coupon) would bear interest, the interest upon it would not. The language of the Judge described accurately a case of compound interest as distinct from that which was held lawful in *Bledsoe* v. *Nixon.*

The act entitled Usury in the Rev. Code which was the one in force at the date of the contract between these parties has always been considered as forbidding compound interest.

The Act making an exception in favor of guardians was a legislative exposition of the meaning of the Usury Act in

that sense. The evidence that the plaintiff had been sued for usury and was reputed an usurer was properly rejected.

PER CURIAM.                          Judgment reversed.