A. C. SCOTT v. E. L. FISHER.

*Contract—Interest—Surety, when discharged—Consideration.*

1. If a contract to pay money contains a stipulation to pay interest at specified times, the sums so agreed to be paid as interest become due at the periods prescribed, and will thereafter bear interest at the same rate, and an independent action can be maintained; upon which agreement that the interest shall be so paid may be made either before or after the maturity of the principal sum.

2. An agreement between the payee and the principal obligor in an obligation bearing interest payable annually, made without the assent of surety that the time for the payment of the debt would be extended upon the payment of the interest thereafter semi-annually, is such a material change of the contract as to amount to a forbearance, upon a sufficient consideration, for at least six months, and will discharge the surety.

CIVIL ACTION, tried at January Term, 1891, of CABARRUS Superior Court, *Graves, J.,* presiding.

The plaintiff sued to recover the amount due upon a sealed promissory note, executed by the defendant as surety for J. S. Fisher for $1,000, due at one day after date, " with interest at eight per cent. per annum."

The defence was that the plaintiff had, without the assent of defendant, entered into an agreement, upon a sufficient consideration, to forbear the collection of the debt, whereby he was discharged from all liability.

The defendant testified, " that in January, 1889, he had a conversation with the plaintiff in which the plaintiff stated to him that the principal debtor, J. S. Fisher, came to him (Scott) in January, 1887, about two weeks before he (J. S. Fisher) broke, and that the said J. S. Fisher then pulled out the money and offered to pay him (Scott) this note, and that he (Scott) said to said J. S. Fisher that he (Scott) did not need the money, and if he (J. S. Fisher) would pay him the inter-

est at eight per cent. semi-annually, that he (J. S. Fisher) might keep the money, and that said Fisher replied 'All right,' and kept the money."

The witness further testified that this arrangement or agreement between Scott and J. S. Fisher was without his knowledge, consent or privity, and that the first he heard of it was from the conversation of the plaintiff Scott, above stated.

The defendant introduced another witness, who testified in substance the same.

There was evidence that J. S. Fisher became insolvent in January, 1887. The only testimony offered by the plaintiff as to the issue under consideration was given by himself, in which he denied ever having had either the conversation with the defendant E. L. Fisher, or the one alleged with J. S. Fisher, saying upon the stand no such conversation or conversations had ever taken place.

His Honor then instructed the jury, "that there must be a valuable consideration for a contract to forbear, before the surety is released, and if the principal debtor say to the creditor, 'I have the money tó pay you,' and the creditor say, 'I do not need it, and you can keep it, if you will pay the interest semi-annually,' and the principal debtor says, 'All right,' and keeps the money, such an agreement is not such an agreement to forbear as will discharge the surety, although he did not know of it, or assent to it. Therefore, on the evidence of defendant you ought to answer the issue No."

The issue upon which the judgment was based was—

"Did the plaintiff make the contract with J. S. Fisher to forbear the collection of the debt for which the note was given, without the knowledge and consent of defendant?"

There was judgment for plaintiff, and defendant appealed.

*Mr. H. S. Puryear*, for plaintiff.
*Mr. W. J. Montgomery*, for defendant.

SHEPHERD, J.: "It is well settled that if a creditor enter into any valid contract with the principal debtor, without the assent of the surety, by which the rights or liabilities of the surety are injuriously affected, such contract discharges the surety. A familiar instance of this is, where a creditor binds himself not to sue or collect the debt for a given time, and thereby puts it out of the power of the surety to pay the debt and sue the principal debtor." *Deal* v. *Cochran*, 66 N. C., 269; *Forbes* v. *Sheppard*, 98 N. C., 111; *Hollingsworth* v. *Tomlinson*, 108 N. C., 245.

His Honor held that there was no valid contract of forbearance so as to bring the present case within the principles above stated, and the ruling is based upon the idea that the promise on the part of the principal debtor to pay the interest semi-annually did not amount to a sufficient consideration to support the agreement. A valuable consideration is "any benefit to the person making the promise, or any loss, trouble or any inconvenience to, or charge upon, the person to whom it is made, * * * and provided there be some benefit, etc., * * * the Courts are not willing (in the absence of fraud) to enter into the question whether the consideration be adequate in value to the thing which is promised in exchange for it." Smith on Contracts, 166, 168.

Tested by this rule, we are of the opinion that the alleged promise conferred a *benefit* upon the plaintiff, in that it worked a material change in the contract in respect to the payment of interest. The note stipulates for the payment of interest at the rate of eight per cent. per annum, and although it may not be paid until several years after it falls due, the payee is not entitled to interest upon the interest which has accrued at the date of maturity. The reason is that the parties having, by *acquiescence* extended the credit, the interest, which is an incident of the debt, goes with it and is not due at the maturity of the debt, so that an independent action for its recovery can be maintained. It is otherwise when the

note contains an express promise to pay interest at specified times.  At each time there is a certain sum of money due for which an action lies.  "When there is an agreement set out in the note for the payment of interest annually or semi-annually, the maker is chargeable with interest at a like rate upon each deferred payment of interest, in like manner as if he had given a promissory note for the same amount. * * * By this mode of computation compound interest is not given, but a middle course is taken between simple and compound interest."  *Bledsoe* v. *Nixon,* 69 N. C., 89; *Knight* v. *Braswell,* 70 N. C., 709; *King* v. *Phillips,* 95 N. C., 245; *Cox* v. *Brookshire,* 76 N. C., 314.

Such an agreement may be made either before or after the maturity of the debt; and when the principal debtor in this case agreed to pay the interest semi-annually, it so changed the original contract as to charge him with interest upon the interest accruing every six months thereafter, and this surely was such a *benefit* to the plaintiff, the payee, as would support his promise to forbear.

It is insisted in this Court, though not distinctly passed upon below, that granting the consideration to be sufficient, the contract is nevertheless void because of its indefiniteness.  It is true, as argued by counsel, that there must be a definite time fixed for the extension of credit; that is to say, there must be a time fixed before which the creditor cannot proceed against the principal debtor, but we think this is fully complied with by the agreement to pay the interest semi-annually.  However indefinite it may be after the first six months, it certainly amounts to an agreement to forbear for that period at least, and this is all that is necessary under our decisions to discharge the surety.  In this we are sustained by the following authorities:  "An agreement to extend the time for twenty or thirty days is definite as to twenty days, and, therefore, discharges a surety."  2 Daniel on Negotiable Instruments, § 1319.  And so in *Pipkin* v. *Bond,*

5 Ired. Eq., 91, the surety was discharged, although the precise time fixed by the agreement could not be ascertained, the Court remarking that "as men of common sense, with even a very slight acquaintance with the common course of dealing, we are obliged to perceive that the parties understood that no suit should, at all events, be brought before the next term of Court.'"

In consideration of the foregoing reasons, we are of the opinion that the Court erred in instructing the jury that the testimony did not warrant an affirmative finding on the third issue.

As this disposes of the appeal, it is unnecessary to pass upon the question raised on the argument as to the effect of the alleged tender by the principal debtor. It is sufficient to say that the point is not raised, either by the answer or the issues.

Error.