### J. M. RUSSELL v. S. H. HEARNE.

*Practice—Pauper Appeal, Time of Taking—Evidence.*

1. Under the statute (chapter 161, Acts of 1889) it is not necessary that
   there should be at the time of the trial an intimation by the dissat-
   isfied party that he desires to appeal, it being a sufficient indica-
   tion of his desire at the time of the trial if he fulfils the require-
   ments of the statute within the time prescribed by law.
2. In the trial of an action to recover the penalty for a usurious trans-
   action, a witness offered by the defendant was allowed, under
   objection, to testify that plaintiff had the reputation of suing for
   usury: *Held*, that the testimony was incompetent, because (1) it
   was irrelevant, and (2) as impeaching testimony, it should not have
   been allowed, for even if it were true, the plaintiff had a right,
   under the statute, to "sue for usury," if he had paid usurious
   interest for the loan of money.

. This was an action brought under section 3836 of *The
Code*, to recover twice the amount of interest alleged to have
been paid by plaintiff to defendant in certain usurious trans-
actions, tried before *Winston, J.*, and a jury, at Spring Term,
1893, of STANLY Superior Court.   There was a verdict and
judgment for defendant.   Plaintiff appealed in *forma pau-
peris.*

In this Court defendant moved to dismiss the appeal, "because it does not appear that the plaintiff desired an appeal at the time of the trial, according to section 553 of *The Code.*"

*Messrs. Brown & Jerome,* for plaintiff (appellant).
*Messrs. Jas. A. Lockhart* and *Battle & Mordecai,* for defendant.

MACRAE, J.: The term of the Court began on the 10th of April, and was by law then limited to one week. The provisions of section 550 of *The Code,* with regard to entry of appeal and services of notice, appear by the record to have been strictly complied with.

The affidavit of inability to give security on appeal, required by section 553, was made on the 15th, and the certificate of counsel and order of the Clerk allowing the appeal to be taken without giving security, were made and filed on the 22d of April, the affidavit on the last day of the term, if the Court continued during the week, in any event, within five days of the trial. And the other proceedings above referred to were within ten days from the expiration by law of said term of Court.

By the Act of 1873–'74, ch. 60: "When any party to a civil action, tried and determined in the Superior Court, shall at the time of the trial, desire an appeal from the judgment rendered in said action to the Supreme Court, and shall be unable by reason of his poverty to give the security required by law for said appeal, it shall be the duty of the Judge of said Superior Court to make an order allowing said party to appeal from said judgment to the Supreme Court, as in other cases of appeal now allowed by law, without giving security therefor. Provided, however, that the party desiring to appeal from said judgment shall make affidavit that he is unable, by reason of his poverty, to give the

security required by law for said appeal, and that said party is advised by counsel learned in the law that there is error in matter of law in the decision of the Superior Court in said action. Provided further, that said affidavit shall be accompanied by a written statement from a practicing attorney of said Superior Court that he has examined the affiant's case, and that he is of opinion that the decision of the Superior Court in said action is contrary to law."

As the law then stood, an appeal in *forma pauperis* was required to be perfected during the term at which the judgment was rendered; but by the Act of 1889, ch. 161, the authority to make the order was extended to the Clerk, and the party desiring the appeal was allowed five days to make his affidavit; and it was further provided "that the appeal when passed upon and granted by the Clerk shall be within ten days from the expiration by law of said term of the Court. Clark's Code, 2d Ed., § 553 and notes.

We do not think that under the statute it is necessary that there should be an intimation by the party at the time of the trial that he desires to appeal. If he fulfils the requirements of the statute within the time prescribed by law, it is a sufficient indication of his desire at the time of the trial. The motion to dismiss is denied.

It will only be necessary to notice the third exception.

The allegations of usury were denied; a clear issue arose upon the pleadings, and the testimony was conflicting; the plaintiff and defendant each testifying. A witness offered by the defendant was asked by defendant's counsel if plaintiff had not sued for usury before, and if he did not have the reputation of suing for usury. Plaintiff objected. The objection was overruled, and witness answered in the affirmative, and plaintiff excepted.

This testimony was entirely irrelevant, and might not have been harmless. Its only object could have been to impeach the plaintiff's testimony, and in this view it was

incompetent, for if it were true, he had a right, under the statute, to "sue for usury," if he had paid for the loan of money a greater rate of interest than was allowed by law. *Cox* v. *Brookshire*, 76 N. C., 314.

Error.                                                    New Trial.