W. L. CECIL v. W. F. HENDERSON.

*Trial — Witness — Impeaching    Question — Inadmissible Question.*

In the trial of an action to which the defendant had set up the plea of the Statute of Limitations, it was improper to allow the plaintiff to ask the defendant on cross-examination, for the purpose of impeaching him, whether he had not interposed the same defense to various claims previously.

CIVIL ACTION, tried at Spring Term, 1896, of DAVIDSON Superior Court. The facts appear in the opinion of Chief Justice FAIRCLOTH. There was a verdict for the plaintiff, and defendant appealed from the judgment thereon.

*Mr. M. H. Pinnix*, for plaintiff.

*Messrs. Shepherd & Busbee*, and *Walser & Walser*, for defendant (appellant).

FAIRCLOTH, C. J. : Action on a note against defendant, as surety for one Loftin.   Plea, Statute of Limitations.

The controversy on the trial was whether defendant had agreed with plaintiff not to rely on the Statute of Limitations.   The evidence on that question, of plaintiff and defendant, was conflicting.   On cross-examination the defendant was asked, for the purpose of impeaching the witness, if he had not plead the Statute of Limitations to various claims, specifying them.   Objection by defendant overruled.   Exception.

The plaintiff insists that the question is not prejudicial to the defendant, and relies on *Bost* v. *Bost*, 87 N. C., 477.   That case does not support his contention, because the question was not asked for the purpose of impeaching any witness or party to the action, but went only to the testamentary capacity of the testator.   No court can allow a suitor or witness to be impeached or discredited because he had entered a plea allowed by statute and enforced by the courts.   The question then was irrelevant ; and, if answered in the affirmative, it would have been the duty of the court to withdraw the same from the jury.   The admission of the question would allow an appeal to local prejudice, if any should exist, on the question of pleading a debt out of date, as it is usually termed in the country, and this would result in trying the same question in different localities according to local sentiment, and there would be no uniform rule to govern courts and juries.   The principle announced was decided in *Russell* v. *Hearne*, 113 N. C., 361, where the question was, Did not the plaintiff have the reputation of suing for usury, and if he had not so sued before ?   Held incompetent.

New Trial.