Thomas E. Jefferis,

*vs.*

William D. Mullen Company, a corporation of the State of Delaware.

*New Castle, July* 21, 1925.

*John R. Nicholson* and *Robert G. Harman*, for complainant.

*Charles F. Curley*, of the firm of Saulsbury, *Curley* and *Davis*, for defendant.

THE CHANCELLOR. The main controversy in this case is upon the question of how much the complainant is obliged to pay in consideration of the issuance to him of the shares of stock in question. No controversy is raised concerning the adequacy of the note as lawful consideration for the stock. The only point of controversy is whether, or not, the note which the complainant gave was to bear interest from its due date.

The complainant testified that he was to receive the stock upon payment of the face value of the note without interest whenever he saw fit at his convenience to do so. The defendant contends that the complainant, under his agreement was obliged to pay the face value of the note, together with lawful interest thereon from the date of maturity. The note on its face was payable in one year from its date and the words "with interest" in the printed form were erased by drawing a line of red ink through them. This being the case, while interest did not run prior to maturity, it did, as a matter of law, run thereafter until paid. The defendant testified that before he signed the note he read it over and was aware that the note as written would bear interest after its due date. He says that, notwithstanding his knowledge of its contents and its legal effect as regards interest, he signed it relying on a verbal conversation with William D. Mullen, the president of the defendant company, in whom he had full confidence at that time, that interest would never be charged. It is a principle of law that a written contract entered into, in the absence of mistake, fraud or misrepresentation, is binding between the parties thereto to the full extent of the purport of the words used, and that antecedent or cotemporaneous agreements lying in parol are not permitted to vary or alter the legal effect of the written contract. *Foreman's Systems, Inc., v. Milk Dealers' Crate Corporation* 13 *Del. Ch.* 351, 120 *A*. 358.

In this case there is no evidence of fraud, misrepresentation or mistake, which would admit the parol evidence to contradict the purport of the written note. The complainant having signed the note with full knowledge of its contents and legal effect must be bound by it, and before he is entitled to receive the stock is accordingly obligated to pay the face of the note together with lawful interest from its due date. This being the result which the law deduces from the situation, it is unnecessary for me to consider the issue of fact between the complainant and the president of the defendant corporation upon the question of whether, or not, a verbal agreement was in fact entered into that the note should not bear interest at any time.

The complainant is entitled to a decree requiring the defendant to deliver a certificate for fifty shares of its common stock upon payment by him of five thousand dollars, together with interest from January 1, 1919.

The only question remaining to be disposed of is the question of costs. This in turn depends upon a question of tender. A note to *Section* 1307 of the fourth volume, of the Fourth Edition of *Pomeroy's Equity Jurisprudence* states the rule to be that "an actual tender by the plaintiff is unnecessary where, from the acts of the defendant or from the situation of the property it would be wholly nugatory." This rule is applicable here. The complainant testified that the defendant, through its president, directed him to wipe the shares theretofore issued in his name off the books. This was in effect notice to the complainant that the stock was to be regarded as canceled. It was a repudiation of the contract by the defendant, for the only way the stock could be liberated from the complainant's right was by a sale thereof in accordance with the terms of the usual provisions in the clause of the note dealing with disposal of the collateral attached to it. The defendant did not pursue its rights under the note. It in substance notified the complainant that the short and unauthorized method of cancellation was resorted to. It is to be observed that not only does the testimony of the complainant upon the point that notice was in substance given that the obligation to deliver the stock was repudiated, but the president's statements on the witness stand tend strongly to corroborate it; for he now says that the reason

he refused the tender of five thousand dollars without interest was because he considered the obligation had been canceled. If the facts were such as to impose on the complainant the duty of making tender of the consideration, the complainant's five thousand dollars would be insufficient because it did not include interest. There being, however, no duty upon the complainant, under the circumstances, to make any tender whatever, it is of no consequence what he offered. Costs will therefore be imposed upon the defendant.

Let a decree in harmony with the foregoing be prepared and submitted.