### RICHARD PATTERSON v. H. T. ALLEN.

#### (Filed 25 May, 1938.)

**1. Election of Remedies § 3—Owner whose property has been converted may waive the tort and sue on contract.**

Plaintiff alleged that defendant agreed to cut timber from plaintiff's land under an agreement that plaintiff was to receive one-half the lumber cut, that defendant cut lumber and wrongfully disposed of same. *Held:* The allegations are sufficient to support an action on implied contract, and they will be so construed when necessary to support recovery.

**2. Limitation of Actions § 12a—Complaint held sufficient to support cause ex contractu so that bar of statute was repealed by part payment.**

While part payment will not repeal the bar of the statute on a cause of action *in tort*, the complaint is held sufficient to allege an action *ex contractu* under the rule that a person whose property has been wrongfully converted may waive the tort and sue on contract, and the court's charge on the effect of part payment on the cause *ex contractu is held* without error.

**3. Evidence § 19—**

The plea of the bar of the statute of limitations is neither criminal nor immoral and such plea cannot be used to impeach defendant.

**4. Evidence § 22—**

Although the plea of the statute of limitations may not be used to impeach defendant, questioning defendant as to the *bona fides* of his plea *is held* not beyond the latitude allowed in cross-examination, and not to constitute reversible error.

**5. Evidence § 27—**

When a witness denies any independent recollection of the matters upon which he is called to testify, the exclusion of his testimony is without error, nor may such witness read to the jury tally sheets identified by him when they are not evidence in themselves.

APPEAL of the defendant from *Armstrong, J.,* at November Term, 1937, of RICHMOND. No error.

The plaintiff sued to recover an amount claimed to be due him as the value of lumber manufactured from logs cut upon his premises by defendant, under a contract whereby plaintiff was to receive one-half of the lumber cut. He alleged that the defendant wrongfully disposed of the lumber and at a later date paid him $10.00 on account.

The defendant denied the contract as stated, and alleged that he cut the timber under an agreement to pay $2.00 a thousand feet for it, which he paid in full. He also pleaded the statute of limitations.

Both parties introduced evidence in support of these contentions.

From the judgment upon a verdict in favor of the plaintiff, the defendant appealed.

*Jones & Jones for appellee.*
*Sedberry & Garrett for appellant.*

SEAWELL, J.   The defendant here insists that the plaintiff has sued for the conversion of certain lumber belonging to him and, defendant having interposed the plea of the statute of limitations, a payment to the plaintiff subsequent to the conversion would not have the effect of repelling the bar of the statute, since, as defendant contends, the action is in tort and not *ex contractu*.

It is well established, however, that "when a man's property has been wrongfully converted, . . . the owner is allowed to waive the tort and sue on contract." *Sanders v. Ragan,* 172 N. C., 612, 616; *Stroud v. Ins. Co.,* 148 N. C., 54, 56.  Reading the complaint, it might in its terms be considered sufficient in an action on the implied contract, and we think, if necessary to sustain the judgment, it should be so considered.

It is doubtful whether the plaintiff's cause of action could be properly grounded on conversion, since there had been no division of the lumber, and the part to which he might have had the right to immediate possession was not identified.  *Rooks v. Moore,* 44 N. C., 1.

The instructions given to the jury, as to the effect of partial payment in repelling the statute of limitations, were free from error in this view of the case, and appropriate both to the pleadings and the evidence.

The defendant objected to questions propounded to him on cross-examination relating to his purpose in pleading the statute of limitations.

The plea of the statute of limitations is neither criminal nor immoral, and where a witness has interposed such a plea in another case, this cannot be used as evidence to impeach him.  *Cecil v. Henderson,* 119 N. C., 422.  In this case, however, we do not think that counsel for plaintiff went beyond the latitude allowed in cross-examination by asking the defendant as to the *bona fides* of his plea.  It proved not a very successful method of "purging the conscience" of the defendant, but we do not consider it reversible error.

The objections to portions of the testimony of Leo Carr are, we think, not tenable.  The witness denied any independent recollection of the matters upon which he was called to testify.  As the tally sheets identified by him were not evidence of themselves, he could not be permitted to read them and relay their contents to the jury.  We think that the jury was not misled by the remarks of the judge excluding this evidence.

We have examined the other exceptions in the record and are unable to find a satisfactory reason for disturbing the result in this case.  We find

No error.