EMERSON, ET AL.,

*vs.*

EMERSON, ET AL.

*New Castle, August 4, 1953.*

*Stephen E. Hamilton, Jr.,* of Wilmington, for Alice P. Brown.

*Edward W. Cooch, Jr.,* receiver, of Wilmington, for himself.

*Clement C. Wood,* of Young & Wood, and *Oliver V. Suddard,* of Wise & Suddard, of Wilmington, for objectors.

SEITZ, Chancellor: This is the decision on the objection of the receiver and certain other interested parties to the claim of Alice P. Brown on a demand promissory note in so far as she seeks interest thereon.

Alice P. Brown claims that the note provides on its face for interest. The objecting parties claim that it does not.

The demand promissory note, dated April 12, 1947, was signed by the then partners, William O. Emerson and Frank B. Emerson. The note provides that Alice P. Brown is to be paid $1,000 on demand. A part of the printed form contains a provision authorizing a confession judgment after maturity "on the above obligation, with legal interest, together with five per centum (5%) of the amount of debt and interest as counsel fees, * * *." No other provision for interest appears. It also contains a waiver of demand. Certain payments were made during the life of the partnership but the record does not show how they were treated.

Alice P. Brown's attorney claims that the quoted language constitutes a promise to pay interest. The objecting parties say that the quoted language only applies where judgment is confessed and that there is no provision for interest in the absence of a confession. Judgment was not confessed here.

I need not decide the doubtful question as to whether the quoted language constitutes a promise to pay interest where, as here, there has been no formal confession of judgment. I say this because the note contains a waiver of demand which I construe to mean that the note can be treated as though a demand had been

made. So viewed the principal of the note was due from the date it was made without demand. Compare *Rottman v. Hevener*, 54 *Cal.App.* 485, 202 *P.* 334. It was presumptively made on the date it bore. See 6 *Del.C.* § 111. Being due on such date, and there being no other pertinent interest provision, it bore interest from the date as a matter of law. See *Jefferis v. Wm. D. Mullen Co.*, 15 *Del.Ch.* 9, 130 *A.* 39. I leave aside the question as to whether "interest" is a proper characterization under the circumstances. Compare *Jacobs v. Murray*, 1 *W.W.Harr.* 209, 113 *A.* 803.

It is true that the waiver of demand appears as part of the paragraph dealing with the confession of judgment. However, to construe the language as being applicable to the confession of judgment with interest but as being inapplicable to the running of interest where no judgment has been entered would, in my opinion, be unwarranted. A waiver of demand provision serves several substantial purposes and it would be incongruous and undesirable to construe the waiver as only applying to the confession of judgment merely because it is in the same printed paragraph. I decline so to do.

■ Leaving aside questions of fraud, etc., the case of *Jefferis v. Wm. D. Mullen Co.*, *supra*, also precludes any consideration of testimony at variance with the note unless such evidence is intended to show a valid agreement made after the execution of the note. Unless counsel desire to offer evidence as to a subsequent agreement, the claim for interest will be allowed but only as properly calculated.

An appropriate order will be entered on notice unless counsel express a desire on or before August 7 to offer such evidence.