JOSEPH H. MARTIN, Plaintiff, v. THE STAR PUBLISHING COMPANY, a corporation of the State of Delaware, ALEXIS I. DU PONT BAYARD and ERWIN M. BUDNER, Defendants.

(*September* 14, 1954.)

HERRMANN, J., sitting.

*Stewart Lynch* and *Clarence W. Taylor* (both of Hastings, Lynch and Taylor) for the plaintiff.

*William E. Taylor, Jr.,* for the defendants.

Superior Court for New Castle County, No. 320, Civil Action, 1952.

HERRMANN, J.:

In this action for breach of contract for the payment of purchase money in semi-annual installments, a non-jury trial resulted in an announcement by the Court that verdict would be entered for the plaintiff in the sum of $28,000., with interest. Computation of interest was left to counsel.

The verdict represented the amount found to be due under the contract for installments of principal that had matured during the years 1951 through 1954. The contract provided that, during a period of years ending in 1957, installments of principal in stipulated amounts would be paid semi-annually on fixed dates, "with interest on the unpaid balance at the rate of 4% per annum, payable on principal payment dates." The contract contained no other pertinent provision regarding interest.

Two questions have arisen regarding the amount of interest to be included in the verdict and judgment thereon:

1. Is the plaintiff entitled to interest upon matured and overdue principal installments at the contract rate of 4% or at the statutory[1] rate of 6%?

2. Is the plaintiff entitled to interest upon matured and overdue installments of interest?

There is a sharp contrariety of opinion as to both of these questions. The conflicting views on the first question are reflected in the annotation at 75 *A. L. R.* 399 *et seq.* and the division of authority on the second question appears in the annotation at

---

[1] 6 *Del. C.* § 2301 provides as follows:

"The legal rate of interest for the loan or use of money, in all cases where no express contract has been made for a less rate, shall be six per cent per annum."

27 *A. L. R.* 81 *et seq.* See also 30 *Am. Jur.* "Interest" § 37 and § 58; 47 *C. J. S.*, Interest, § 39(b) and § 15. No case has come to my attention establishing the rule in this jurisdiction on either of these questions.

As to the first question, I adopt the view that the statutory rate of interest, rather than the contract rate, should be applied after the date of maturity where, as here, a contract for the payment of money at specified times fixes the rate of interest to be paid before maturity but is silent as to the interest to be paid thereafter in case of default. This rule is consonant with *Jefferis v. William D. Mullen Co.*, 15 *Del. Ch.* 9, 130 *A.* 39, wherein the Chancellor held that, as a matter of law, interest runs after the maturity of a note notwithstanding the fact that the words "with interest" had been stricken from the printed form of the note and the obligation, therefore, was deemed to be interest-free prior to maturity. The Supreme Court of the United States has approved the doctrine that, in the absence of an express agreement to the contrary, the statutory rate of interest, rather than the contract rate, should be allowed after maturity of the obligation and such is the prevailing rule in our neighboring jurisdictions of Pennsylvania, Maryland and New York. See *Brewster v. Wakefield*, 22 *How.* 118, 127, 16 *L. Ed.* 301; *Holden v. Freedman's Savings & Trust Co.*, 100 *U. S.* 72, 25 *L. Ed.* 567; *Miller v. City of Reading*, 369 *Pa.* 471, 87 *A.* 2d 223; *Brown v. Hardcastle*, 63 *Md.* 484; *Pryor v. Buffalo*, 197 *N. Y.* 123, 90 *N. E.* 423.

This rule is based upon the theory that the contract rate ceases at maturity and upon breach by default and that the legal rate is allowed thereafter as damages for the breach; that when the agreement of the parties, as to interest, extends no further than the maturity date, there is no agreement on the matter of post-maturity interest, express or implied, and the law interposes not only to allow such interest but also to regulate the rate that should be paid as damages for the wrongful detention of the indebtedness after the due date. The reasoning usually employed to support the opposing view is that where parties to

a contract for payment of money fix the rate of interest to be applied before maturity, but make no agreement as to interest thereafter in the event of default, there is an implied contract to pay the same rate both before and after maturity. In my opinion, the implied contract doctrine lacks the force of logic and fairness of result afforded by the damages theory.

Accordingly, in the instant case, interest will be allowed at the statutory rate of 6% per annum upon matured and overdue principal installments, from the maturity dates thereof to the date of entry of the verdict and judgment thereon.

The second question also requires a choice between two long-established but divergent schools of thought. In many jurisdictions, interest is allowed upon matured and unpaid installments of interest falling due at stated intervals. The theory prevalent in those jurisdictions is that delinquent installments of interest constitute liquidated demands and that the creditor is entitled to interest upon the money thus wrongfully withheld in the same manner and for the same reason as he is entitled to interest upon overdue principal wrongfully withheld. E. g., *Bledsoe v. Nixon*, 69 *N. C.* 89; *Peirce v. Rowe*, 1 *N. H.* 179; *Wheaton v. Pike*, 9 *R. I.* 132. In other jurisdictions, on the other hand, interest upon overdue installments of interest is not recoverable, in the absence of express agreement, because of the ancient reluctance to allow interest upon interest. E. g., *Leonard v. Villars*, 23 *Ill.* 377; *Cullen v. Whitham*, 33 *Wash.* 366, 74 *P.* 581. The two views seem to be of almost equal stature and it does not seem that either can be said to be supported by a decided weight of authority. See annotation at 27 *A. L. R.* 81 *et seq.*

In my opinion, the better view is that which allows the recovery of simple interest upon overdue and unpaid installments of interest in a situation such as is here presented. Again, the theory of damages governs the rule adopted. The rationale of this view has not been better expressed since, almost a century and a half ago, it was stated in *Peirce v. Rowe*, 1 *N. H.* 179, as follows:

"If any interest can be allowed on the annual interest, it must be allowed by virtue of some general principles, and not of any express contract for it, contained in the note. But those principles on the subject of interest must be gathered from the reasons on which interest is originally founded, and on which it is in any case permitted without an express contract for its payment. Wherever money is due to an individual, without any stipulation as to interest, some compensation for the use of the money while wrongfully detained, seems justly to be due, because the use of money must be presumed to be beneficial to the one party, and the detention of it injurious to the other. Indeed the increase or net profits of property are an appurtenant to the property itself, and the same broad principle, which, without a special contract, would enable the owner to recover the property, would also entitle him to recover its increases. Hence a fair reward for the use of money while negligently or wrongfully withheld from the creditor, ought always to be allowed him in the nature of damages for its detention; and the principles of our civil actions justify such an allowance by permitting the damages recovered to be commensurate with the injury sustained. On this theory interest will not commence where no express contract exists for it, till a wrong is done by the debtor's failure to pay what has become due. Because till that event no breach of duty has happened, on which legal damage can accrue. But after money becomes due, every day's neglect to make payment of it, whether principal or interest, is an injury to the creditor: and our civil remedies would prove defective, and would not, as justice requires, approximate those specific ones provided by equity, unless the money detained and a compensation for its use, while so detained, could be recovered by the creditor. Were this not the law, a strong temptation, also, would be presented to debtors to violate their duties. * * *."

This rule, allowing simple interest upon unpaid installments of interest, does not permit true compounding of interest such as occurs when accrued interest is added to principal and the whole is treated as new principal for the calculation of future

interest. It has been noted that there has been confusion in the cases as to these two types of interest upon interest and that, perhaps, "the general disinclination of the courts to allow compound interest is, because of this confusion, responsible in some cases for disallowing what is not compound interest." See 27 *A. L. R.* 81. The allowance of simple interest upon matured and unpaid installments of interest has been called the "middle course" between simple interest and compound interest. 47 *C. J. S.,* Interest, § 1; *Exchange Bank of Commerce v. Meadors,* 199 *Okl.* 10, 184 *P.* 2d 458; *Bledsoe v. Nixon,* 69 *N. C.* 89. I am of the opinion that such middle course is founded upon sound legal principle and that it commends itself for fairness of result.

Accordingly, simple interest, at the statutory rate of 6% per annum, will be allowed upon the unpaid installments of interest from the dates of maturity thereof to the date of the entry of the verdict and judgment.