In re William Nicholas FORTESCUE, Jr., Debtor.

TRUST OF W.N. FORTESCUE, Sr., Appellant,

v.

William Nicholas FORTESCUE, Jr., Appellee.

Stuart I. RUBIN, Appellant,

v.

William Nicholas FORTESCUE, Jr., Appellee.

Jane H. SHUTTLEWORTH, Appellant,

v.

William Nicholas FORTESCUE, Jr., Appellee.

Civil Nos. 1:94cv21, 1:94cv27 and 1:94cv28.

United States District Court, W.D. North Carolina, Asheville Division.

Oct. 13, 1995.

Boyd B. Massagee, Jr., Prince, Youngblood, Massagee & Jackson, Hendersonville, NC, for Stuart I. Rubin.

Sharon B. Alexander, Prince, Youngblood, Massagee & Jackson, Hendersonville, NC, for The Trust Under the Will of W.N. Fortescue, Sr.

William M. Alexander, Jr., Mullinax & Alexander, Hendersonville, NC, for Jane H. Shuttleworth.

William Nicholas Fortescue, Jr., Asheville, NC, pro se.

David R. Hillier, Trustee, Gum & Hillier, PA, Asheville, NC, pro se.

### ORDER

RICHARD L. VOORHEES, Chief Judge.

**THIS MATTER** comes before the Court on notices of appeal filed by Jane H. Shuttleworth, Stuart I. Rubin, and the Trust under the Will of W.N. Fortescue, Sr. (the "Trust"). The subject of all three appeals is the Bankruptcy Court's Order filed on August 9, 1994, in which United States Bankruptcy Judge George R. Hodges ordered that various amounts payable would be calculated with simple interest only.

Previously, after an appeal by another creditor, this Court remanded the case to the Bankruptcy Court with direction to examine each obligation to determine the interest provision applicable to each one. *See* Memorandum of Opinion and Order of Remand, filed December 15, 1993 (1:93cv201). Bankruptcy Judge Hodges conducted an evidentiary hearing on January 19, 1994, and found that all sums due to the Appellants here would bear simple interest only. Each of the Appellants seek an order awarding hybrid compound interest based primarily on the authority of *Bledsoe v. Nixon,* 69 N.C. 89 (1873). In considering the appeal, the Bankruptcy Court's findings of fact are not set aside unless clearly erroneous and the issue is whether the Bankruptcy Court clearly erred by awarding simple interest. **Bankruptcy Rule 8013.**

Judge Hodges found that none of the obligations which are the subject of this appeal specified that compound interest would accrue. Based on a review of the language in the instruments for terms related to the amount, type, and timing of interest payments, the Court affirms Judge Hodges' finding that none specified compound interest. In particular, the Shuttleworth note does not specify when interest payments are due. Second, the terms of the Rubin note for a principal amount of $70,000 did not include any provision for interest. Tr. at 20. Even though interest on the Rubin note was added

by the terms of a consent order entered after the note was signed, the note's original provision was for no interest to be paid. In contrast, the terms of both the Tryon note now payable to Appellant Rubin and the promissory note payable to the Trust specify that interest payments are to be made at specific times.

As this Court stated in remanding on this issue, the general rule is that in the absence of statutory authority or express agreement by the parties, interest is presumed to be simple. *Cherokee Nation v. United States,* 270 U.S. 476, 490, 46 S.Ct. 428, 433–34, 70 L.Ed. 694 (1926); *Ronald J. & Dana Cohen Family Ltd. Partnership v. City of Capitals, Inc.,* 829 F.2d 36 (4th Cir. Aug. 28, 1987) (unpublished) ("the language of the note did not call for the payment of compound interest, and absent an express authorization or agreement, compound interest may not be charged"). While North Carolina law allows compound interest in some situations, Appellants have not cited a statute justifying compound interest in this case. *See, e.g.,* N.C.Gen.Stat. § 24–4 (allowing interest in some cases).

Judge Hodges declined to award hybrid interest under *Bledsoe.*[1] In these appeals, Appellants argue in three nearly identical briefs that the Bankruptcy Court did not have discretion to refuse awarding *Bledsoe*-type interest, and that if such discretion existed, the Bankruptcy Court abused its discretion by failing to award it. *See Bledsoe, supra.* Appellants claim that in *Bledsoe,* the Supreme Court of North Carolina held that when a debtor defaults on an obligation, the debtor may be required to pay interest on the defaulted interest as if new promissory notes were made on the unpaid interest payments. As a result, Appellants contend that a debtor in default may be ordered to pay interest other than the rate expressed in the original instrument.

The *Bledsoe* rule applies when interest is payable at fixed times. Unless the terms of the obligation specify the time interest payments are to be made, the rule does not apply. The theory of *Bledsoe* is that payments of installments of interest should be treated the same as payments due on the principal. *See Martin v. Star Publishing Co.,* 107 A.2d 795, 796 (Del.Super.Ct.), *modified on other grounds,* 50 Del. 181, 126 A.2d 238 (1956); *Connecticut Mut. Life Ins. Co. v. Fisher,* 165 So.2d 182, 185 (Fla.Dist.Ct.App. 1964) (both discussing *Bledsoe*). Therefore, creditors are entitled to interest as damages for payments wrongfully withheld in appropriate cases. *Id.*

However, it is unclear whether a creditor is automatically entitled to interest in excess of that agreed upon in the instrument. After a *de novo* review of the law on this issue, the Court is not persuaded that *Bledsoe* interest necessarily applies to the facts of this case. *See also In re Bates,* 58 B.R. 915 (Bankr.W.D.Tenn.1986) (postbankruptcy interest generally not allowed). In particular, the terms of the Shuttleworth and Rubin notes clearly are not covered by *Bledsoe* because they do not provide for any interest. On the other hand, the fixed interest payments in the Tryon note and the note payable to the Trust are within the scope of *Bledsoe.* But Appellants do not cite any bankruptcy cases in which this type of interest was ever awarded; indeed, Appellants do not cite to a single case from the twentieth century. In addition, the cases cited by Appellants are not bankruptcy cases; therefore, those cases do not compel the conclusion Appellants seek. In fact, courts since *Bledsoe* have compared the additional interest payments awarded in *Bledsoe* to damages. Under that theory, the award of *Bledsoe* interest is not mandatory, but rather should be assessed in individual cases as the facts merit. As a result, the Court finds that Judge Hodges did not clearly err by refusing to award *Bledsoe*-type interest.

---

1. Judge Hodges did permit Appellant Shuttleworth to add the interest outstanding when the promissory note was assigned to the principal amount. Appellant Shuttleworth purchased the note for $28,926.05 on January 24, 1984, while the obligation it represented was already in default. Tr. at 8. Debtor has never made a payment on the note. Tr. at 10. The note itself does not specify whether the annual 15% rate of interest is to be simple or compound. *See* Exhibit A in the Record on Appeal (1:94cv28).

Appellants also argue that principles of fundamental fairness require the Court to award the additional interest and that Judge Hodges abused his discretion by failing to do so. To the contrary, awarding interest in excess of an amount the parties agreed upon would certainly violate notions of fairness. Accordingly, in the absence of a clear error of law, the Court will affirm the order entered by Judge Hodges in its entirety.

**IT IS, THEREFORE, ORDERED** that the order entered by Judge Hodges on August 9, 1994, awarding simple interest to each Appellant is hereby **AFFIRMED.**