Gaston, Judge.
No position can be more firmly established than that the judgments of a Court of Record, on whatever day of the term they may in fact be rendered, in *171 law relate to, and are considered ás judgments of the first day of the term. This is admitted by the plaintiff’s counsel to be the general doctrine, but its application to the judgment in the case before us is denied, because the writ on which the defendant therein acknowledged service is noted by the clerk to have been issued on a day subsequent to the first day of the term, and therefore it is inferred that the judgment could not have been in fact rendered on the first day of the term. It may well be questioned whether this be a necessary inference, for a judgment by confession is valid without any previous process. 'But admit the inference to be irresistible, the fact so inferred is wholly immaterial. In the language of the Court in the case of Johnson v. Smith, 2 Bur. 967, “ The reason why nobody shall be permitted to aver that a judgment was signed after the first day of the term, or that a fieri facias was taken, out in the vacation, is because the fact is not relevant; the legal consequences do not depend on the truth of the fact on what day the judgment was completed or the writ actually taken out; but upon the' rule of law that they shall be deemed complete and bind to all intents and purposes by relation.” That a judgment rendered in fact on a late day of the term is as operative as though it were rendered on the first day thereof seems incontestable. Where a testator died in term time before a judgment was signed, it was held that it might be signed after, and execution taken out against his goods in the hands of his executor tested the first day of the term, for they relate to, and are considered as a judgment and execution of the first day of the term, at which day the testator was alive, Bragner v. Langmead, 7 Term, 20. See also Fann v. Atkinson, Willis 427, Waghorne v. Langmead, 1 Bos. and Pul. 571. So where a testator gave a warrant of attorney to confess a judgment, and died within a year afterwards, so that a judgment might be entered up without leave of the Court, it was held that a judgment entered up after his death related to the first day of the term of which it was entered, when he was living, and that an execution tested of that day o' * might be levied on his goods in the hands of his executor, Odes v. Woodward, 2 Ld. Ray, 766, 849. 1 Salk. 87. See also Robinson v. Tonge, 3 P. Wms. 397. This legal *172 tion of the judgment to the first day of the judicial term is as perfect as was at common law the relation of an act of Parliament to the first day of the legislative session. No matter on what day of the session the statute was enacted, unless a certain time were therein appointed when'the same should first take effect, it had relation to the first day of the Parhamenti and from that day was accounted in law a per-feet act. Partridge v. Strange and Croker, 1 Plow. 79. Att'y Gen'l v. Panter, 6 Bro. Par. Ca. 533, Latless v. Holmes, 4 Term, 660. The inconveniences found to result from the law of relation as applied to statutes, have been remedied both in England and in this country by positive legislation. The law of relation applicable to judgments has been in part changed in that country by the statute of 29 Chas. II; but in this State it remains as it was at common law.
confession “about cess,
where a ¿¡etuiT jime judgment Ji^itwas ^¡^íbe ** signed ^af-execution ^Inst Ms goods^in 0f his exec-"befirst^ day °Cthe for they relate considered0 a iudg-execution day'ofthe whfci^da the testa-
But the controversy in this case does not depend upon the relation of the judgment. The defendant is protected by the writ of fieri facias, and he is not bound to show any judgment. Coles v. Mitchell, 3 Lev. 20. It is sufficient for - his defence that he has acted in obedience to a mandate proceeding from a Court of competent authority. The fieri facias was tested of the first day of the term, and it is not to be questioned but that, at common law, the goods of^a defendant are bound from the teste of & fieri facias, and may by virtue thereof be taken in execution by the Sheriff in the hands of a person who had bona fide purchased them since the teste of the writ. In England the statute of 29 Chas. II. has provided that, against purchasers, no writ of execution shall bind the goods but from the time such writ was delivered to the Sheriff. We however have no such statute here, and therefore with us the writ binds against all persons from the teste, as it yet does in England where purchasers are not concerned.
The counsel for the plaintiff has objected that it does not appear that the fieri facias was returned by the' Sheriff. Whatever weight the objection might have, if it appeared that the writ had not been returned, the Court is of opinion that this case is not open to the objection. It is manifest that the sole question presented for decision upon the facts agreed is, whether the fieri facias or the conveyance to the *173 trustee be entitled to priority. The proceedings of the Sheriff upon the writ — if in law such writ was entitled to the priority — must be understood to have been rightfully and regularly done.
This Court being of opinion that the execution did bind from its teste, and that teste being prior to the registration of the deed, it follows that the judgment below must be reversed and judgment upon the case agreed be rendered for the defendant.
Per Curiam. Judgment reversed.