## W. W. McCANLESS v. FLINCHUM & FLINCHUM.

### *Deed, when fraudulent—Judge's Charge.*

A voluntary deed, executed by an insolvent person, is void *per se* as to creditors; where the deed is made upon a fair consideration it is not necessarily void; and where the transaction is between an insolvent father and his son, a rebuttable presumption of a fraudulent intent arises from the close relationship of the parties; *Therefore*, where there was evidence tending to show that the deed was supported by a valuable consideration, and the judge charged the jury that if at the time it was executed the bargainor did not retain property sufficient to pay his debts, then in law the deed is void, and failed to submit the question as to the *bona fides* of the transaction, *it was held* to be erroneous.

(*State* v. *Bethune*, 8 Ired., 139; *Morris* v. *Allen*, 10 Ired., 203; *Gibson* v. *Walker*, 11 Ired., 327; *Hardy* v. *Simpson*, 13 Ired., 132; *Satterwhite* v. *Hicks*, Busb., 105; *Jenkins* v. *Peace*, 1 Jones, 413; *Jessup* v. *Johnston*, 3 Jones, 335; *Black* v. *Caldwell*, 4 Jones, 150; *Winchester* v. *Reid*, 8 Jones, 377, cited and approved).

EJECTMENT tried at July Special Term, 1882, of STOKES Superior Court, before *Gilmer, J.*

Verdict and judgment for plaintiff; appeal by defendant.

*Messrs. Fuller & Snow* and *E. C. Smith*, for plaintiff.
*Messrs. Watson & Glenn*, for defendant.

MERRIMON, J. This action was brought to recover possession of the land described in the complaint. The plaintiff claims to derive title from the defendant James Flinchum, senior, by virtue of a sheriff's deed, made to him in pursuance of a sale of his land under executions issued upon two judgments against him in favor of the plaintiff, dated the 6th day of February, 1871.

The defendant James Flinchum claims to own the land by virtue of a deed executed to him by his father and co-defendant, James Flinchum, senior, conveying to him the fee-simple therein, dated the first day of March, 1870.

The plaintiff contended that at the time the father made the deed to his son, he was embarrassed with debt; that the deed was voluntary, and therefore fraudulent as to his creditors, and that, at all events, it was made to him to hinder and delay his creditors, and was, therefore, fraudulent and void, and the sheriff's deed passed the title to the plaintiff.

To support this contention, the plaintiff introduced testimony tending to show that the defendant James Flinchum, senior, was in debt, more than he could pay, and embarrassed therewith at the time he made the deed to his son; that the deed was voluntary, and that it was made to hinder and delay the father's creditors.

The defendant contended to the contrary, and introduced testimony tending to show that the defendant was not in debt at all at the time the deed in question was executed; that this deed was not voluntary, but was made for a valuable and adequate consideration, and was not made to hinder and delay creditors, but *bona fide*.

The counsel for the plaintiff prayed the court to give, and the court gave the following, among other special instructions, to the jury: "That if at the time the defendant made the deed to his son, he did not retain property fully sufficient and available for the satisfaction of all his then creditors, that then, in law, the deed is fraudulent and void as to such creditors.

In this, there is error. The instruction given is as broad and sweeping as it can be, and it is not true as an abstract legal proposition. Every sale of real or personal property made to a son by his father, at the time embarrassed with debts beyond his ability to pay them, is not necessarily fraudulent and void as to creditors. If the son honestly buys the land or other property from the father in such circumstances, and pay for it a fair price, such a sale is good and valid as to everybody, and it stands on the same footing as if it had been made to a stranger. There is no reason why a father, unable to pay his debts, may not sell his property to his son, and the only difference between such a sale

and one to a stranger is, that the close relationship between the father and son, if the *bona fides* of the sale shall be questioned, is a circumstance of suspicion, and evidence tending to show a fraudulent intent.

A voluntary deed of land or other property made to a son by a father unable to pay his debts, is void *per se*, as to creditors; indeed, such a deed to any person is void; and such a deed appearing, the court declares it void in law. It is the well settled law in this state, that no voluntary deed can be upheld as against creditors, when the bargainor is unable to pay his debts at the time of the execution of the deed. This rests upon the wholesome doctrine that all men must be just before they are generous.

When a father is unable to pay his debts and sells his land or other property to his son for less than its reasonable value, and this appears, the presumption is that the sale is fraudulent as to creditors; but this presumption may be disproved, and whether the sale is fraudulent or not is a question for the jury. In such a case the relationship between the parties is evidence, and generally strong evidence, of a fraudulent motive and intent. And when the law raises such a presumption, the jury, under instructions from the court, must find the fraudulent intent, unless the presumption is rebutted by proof satisfactory to them.

This is not so in another class of cases, when the fraudulent character of the deed depends on a variety of facts and circumstances connected with the transaction going to show the motive and intent. In such cases the broad question whether the deed is fraudulent or otherwise as to creditors is left to the jury, with proper instructions as to what in law constitutes fraud. *State* v. *Bethune*, 8 Ired., 327; *Morrison* v. *Allen*, 10 Ired., 132; *Gibson* v. *Walker*, 11 Ired., 327; *Hardy* v. *Simpson*, 13 Ired., 132; *Satterwhite* v. *Hicks*, Busb., 105; *Jenkins* v. *Peace*, 1 Jones, 413; *Jessup* v. *Johnston*, 3 Jones, 335; *Black* v. *Caldwell*, 4 Jones, 150: *Winchester* v. *Reid*, 8 Jones, 377.

In the case before us, the instruction excepted to embraces

every sale that may be made by the father to a son, whether made for a fair and honest consideration or for a price less than the reasonable value of the property, or whether the deed was purely voluntary. The charge was erroneous and bore directly against and to the prejudice of the defendant. If the jury might have found that the father owed debts he was unable to pay; that his son bought the land for a fair price and honestly, nevertheless, under the instruction given, they were bound to find that the deed was fraudulent; or, if they might have found that the price paid was less than the full value of the land, but that the sale was open, fair and honest, was not secret, nor made to defraud creditors; that the indebtedness of the father was trifling; still, under the instruction, they must find that the deed was fraudulent. Under the instruction given, the deed was void in any case, unless the father reserved "property fully sufficient and available for the satisfaction of all his then creditors."

The charge given seems to have rested on the supposition that the deed was voluntary. If so, this was erroneous, because the contention of the defendant was that the son purchased the property openly, fairly and for a valuable and adequate consideration; at all events, for a valuable consideration, in good faith and with no fraudulent motive or intent, and that the deed was not voluntary. There was evidence tending to support this contention on the part of the defendant, and there was likewise evidence tending to prove the allegations of the plaintiff.

It was for the jury to find how the material facts were under proper instructions from the court, putting the case before them in every proper aspect. If the court had said to the jury, " if you find that the deed was *voluntary*, and the father did not at the time of the execution thereof retain property 'fully sufficient and available for the satisfaction of his then creditors,' then the deed is void in law as to creditors," the defendant could not have complained. The instruction as given was wholly unwarranted, except upon the supposition that the deed was voluntary, and whether it was so or not was a question put directly in issue by the evidence.

This charge may have misled the jury—probably did—to the prejudice of · the defendant. The court put the case before them in several aspects, giving instructions to meet each, but he did not correct his error in this leading and perhaps controlling one.

There is error, for which the defendant is entitle dto a new trial. Let the judgment be reversed and a new trial awarded.

Error.                                                 *Venire de novo.*