J. A. WORTHY v. JAMES BRADY and others.

*Appeal Bond, time of filing—Fictio Juris—Fraud and Fraudulent Conveyances—Voluntary Deed.*

1. Upon motion to dismiss an appeal because the bond was not filed within ten days after rendition of judgment, it appeared that the undertaking recited the judgment as having been recovered on the first day of the term, following the fiction that refers all the business of the term to its beginning, but the trial in fact took place during the second week and the date of the justification is within ten days thereafter; *Held,* the motion will not be allowed.

2. Where a deed to the grantor's son is impeached as a voluntary gift upon the ground that he did not retain property "fully sufficient and available for the satisfaction of his then creditors," as required by Rev. Code, ch. 50, § 3; *Held,* that such conveyance is valid if not made with a fraudulent intent and enough property is retained for all his creditors.

3. *Held further :* But where such deed provides that the grantee shall support his invalid brothers (naming them) and comply with the conditions imposed, it is not voluntary within the meaning of the above statute, but rests upon a valuable consideration.

4. *Held also :* The operation of such deed does not depend upon the value of the grantor's reserved estate, but upon the *intent* with which it was made, shared in by the grantee. And upon the question of intent, evidence of his liabilities and value of his undisposed of property is competent to be considered by the jury.

5. Nor can gifts of visible estate be defeated, where the debtor has resources in stocks or other securities of value to meet his liabilities.

6. The judge's charge is, in substance, responsive to the instructions, that the retained property must be "sufficient and available" for debts.

(*Clifton* v. *Wynne,* 81 N. C., 160; *Black* v. *Sanders,* 1 Jones, 67; *Pullen* v. *Hutchins,* 67 N. C., 428; *Warren* v. *Makely,* 85 N. C., 12; *O'Daniel* v. *Crawford,* 4 Dev., 197; *Moore* v. *Hinnant,* 89 N. C., 455; *McCanless* v. *Flinchum, Ib.,* 373, cited, commented on and approved.)

EJECTMENT, tried at December Special Term, 1883, of MOORE Superior Court, before *MacRae, J.*.

The plaintiff appealed from the ruling and judgment of the court below.

*Messrs. McIver & Black* and *J. W. Hinsdale,* for plaintiff.
*Messrs. W. A. Guthrie and W. E. Murchison,* for defendants.

SMITH, C. J.   The defendants' motion to dismiss the plaintiff's appeal because his undertaking was not filed within ten days after rendition of judgment, is refused. The undertaking recites the judgment as having been recovered on the 31st day of December, 1883, which was the first day of the term, following the fiction that refers all the business of a term to its beginning, while a judgment does not become complete and final until its close, as is held in *Clifton* v. *Wynne,* 81 N. C., 160, in construing an act of the general assembly.

The trial in fact occurred, as is shown in affidavits of appellant's counsel, during the second week, and the date of the justification, January 15th, 1884, is within ten days thereafter.

The action was brought against the defendant James Brady for the recovery of the tract of land described in the complaint to which the defendant, Charles Brady, became a party upon his application under a claim of ownership, and that the defendant, James Brady, was his tenant only.

The plaintiff derives his title to the land from a sale under execution against the said James Brady and the sheriff's deed therefor made on January 10th, 1881, to himself, the debts reduced to judgments having been contracted previous to the year 1868. The sale was made on June 7, 1880, of the interest and estate of the judgment debtor in the premises.

WORTHY *v.* BRADY.

The defendant, Charles, claims title under a deed from the said James, his father, (who enters a disclaimer for himself) bearing date and executed on March 10th, 1868, prior to the judgments, conveying the land in fee.

The recital of the consideration of the conveyance is in these words: "That the said James Brady of the first part, hath two sons, Robert W. Brady and Turner Street Brady, who are partially deaf and dumb. Now if the said Charles Brady shall protect and support the said Robert W. and Turner Street, his brother, as he agrees to do in the same manner as they are now cared for during their natural life, for that consideration of the said Robert W. and Turner Street Brady being taken care of and supported, and the further consideration of one dollar, &c., I hereby convey," &c.

In the *habendum* clause limiting an estate in fee are superadded the words "on his complying with the conditions of these presents."

This deed is impeached, as a voluntary conveyance or gift, because the grantor did not at the time of making it retain property "*fully sufficient and available* for the satisfaction of his then creditors," as required by the statute, Rev. Code, ch. 50, § 3. Much testimony was accordingly offered of the extent of the indebtedness and of the character and the value of the property then remaining to the debtor, with a view of showing the insufficiency of the latter to meet the liabilities of the debtor, under the construction given the statute in *Black* v. *Sanders*, 1 Jones, 67; *Pullen* v. *Hutchins*, 67 N. C., 428, and *Warren* v. *Makely*, 85 N. C., 12.

These cases and the statute have reference to *voluntary gifts* or *settlements of property* by one indebted at the time, which, in *O'Daniel* v. *Crawford*, 4 Dev., 197, were declared fraudulent and void against any creditor whose debt was subsisting at the time, however ample were the resources of the debtor, if by reason of subsequent waste or destruction

of property there was left no means of payment. The statute corrects this ruling and declares voluntary conveyances not made with a fraudulent intent, valid and effectual, if the debtor then had ample property to provide for all his creditors, whatever casualties might befall it thereafter.

The deed set up by the defendants is not in form or fact, *voluntary* or a *gift* within the meaning and purpose of the enabling act.

It is founded upon a valuable consideration in the undertaking assumed by the grantee to protect and support during their respective lives his two partially deaf and dumb brothers, in the manner in which they were then provided for. This contract as truly constitutes a valuable consideration passing between the parties, as would be the payment of money or the giving a note or bond for its payment. The legal operation of the deed does not then depend upon the value of the debtor's reserved estate, but upon the *intent* with which the conveyance is made, and perhaps presumptive evidence of the vitiating intent is furnished upon the face of the instrument to be removed by the grantee, and, if not, found as a fact by the jury.

The statute which declares that a mere indebtedness existing at the time of making a gift shall not render the gift void, " when property fully sufficient and available for the satisfaction of creditors" is retained by the donor, declares also that such indebtedness shall, as to present or future creditors, be evidence only from which a fraudulent intent may be inferred, where the fact, with attending circumstances, is submitted to the jury. If the deed be not voluntary, but is supported by a valuable contract, though its execution is to be found in providing for unfortunate or helpless children whose support devolves upon the grantor, its invalidity must be sought in the vitiating intent to withdraw the property from creditors and appropriate it to his own use, and this intent ought to be shared in by the grantee.

He may have acted in entire good faith in the transaction, and the relation of the parties is but a badge of the fraud to bring it home to the grantee. As is said in reference to an assignment tainted with indications of the fraudulent purpose in its surroundings, in the case of *Moore* v. *Hinnant,* 89 N. C., 455: " The intent is the essential and poisonous element in the transaction, and not merely the effect, since in every conveyance and appropriation of property, the property conveyed is placed beyond the creditor's reach, and he is so far obstructed in the pursuit of his remedy against the debtor's estate."

Again it is said by this court in a recent case, " Where a father is unable to pay his debts and sells his land or other property to his son for less than its reasonable value, and this appears, the presumption is that the sale is fraudulent as to creditors, but this presumption may be disproved, and whether the sale is fraudulent or not, is a question for the jury." *McCanless* v. *Flinchum,* 89 N. C., 373.

In this aspect of the case, the enquiries before the jury of the extent of the grantor's liabilities and his undisposed of means of payment, were proper and competent in arriving at the intent, and the plaintiff was not entitled to a charge which would have been appropriate to the case of a voluntary deed.

The charge of the court, however favorably to the plaintiff, declared the deed, because made for the benefit of his children, voluntary in the sense of the statute, not adverting to the fact that it was an absolute sale for a valuable consideration in the contract, entered into by the bargainee, the fruits of which undertaking are a gratuity to them, and left the jury to pass upon the value of the reserved estate.

He instructed them that "if there was an existing debt owing by James Brady when he made this deed, he must have retained property *amply sufficient* to satisfy all his debts; if he did retain that much property, he had the right to

give away his land for the benefit of his children ; if he did not, his deed was fraudulent in law as to his creditors, and as to them, C. Brady would get no title, and the sale by the sheriff and his deed would convey a good title to the purchaser and grantee," the plaintiff.

It is true that in the midst of the charge, the court declined to modify what had been before said to the jury, that the property retained by the debtor " must be amply sufficient to satisfy all his debts," by saying as requested, that the property must be " amply sufficient and available," but such, we think, was the fair import of the language of the instruction given ; for if amply sufficient, it must be also available to the creditors, that is, capable of being subjected to their claims, and such the jury must have understood to be the meaning of it. It would be a senseless proposition that the debtor must have sufficient property to discharge all his debts, and yet that property could not be made available by creditors. The refusal to charge in the very words of counsel, while in substance the instruction is equivalent, constitutes no error of which the plaintiff can complain.

The court was also asked to charge, when the evidence was all in, that unless the confederate debts, that is, as explained in the argument, debts contracted during the civil war and subject to the legislative scale, were collected in 1868, they were not available in the payment of debts, and should not enter into the estimate of the value of the secured property. What is meant by the phrase, " collected in 1868" does not clearly appear, unless it has reference to the delays interposed by enactments of the general assembly in the enforcement of such liabilities, and so understood there was no error committed in refusing so to charge. It is the amount and value of the estate claimed which gives character to the voluntary disposal of the debtor's property, not the facilities afforded or claimed in rendering it promptly available to the creditor, and the real worth of these con-

federate debts with others, were properly left to the jury, with the direction, " You have all the evidence and comments of counsel on the amount of property owned by him. You must say from the testimony whether James Brady retained an amply sufficient amount to pay all his debts."

It is to be observed that the refused instruction is general, not that in law the value of the debtor's remaining property, as shown in evidence in relation to the debts, is not " *fully sufficient* " or ample, for there may be a state of facts when the duty so to instruct rests upon the court. The charge is responsive to the request in the general statement of the law, and the direction to strike out the confederate debts from the list ought not to have been given, but the jury allowed to put their own estimate upon them.

Nor do we concur in the broad proposition that this secured estate must not consist wholly in stocks, bonds or other securities, public or personal, but that the debtor must have such as is directly accessible to final process against him. This would defeat smallest gifts of visible estate while the debtor might have other resources of the greatest value. The statute recognizes no such distinction, and means only that a debtor shall not disable himself from meeting his debts by voluntary alienations of his property. There is no error. Judgment affirmed.

No error.                          Affirmed.