H. H. MARKHAM, Receiver, v. R. F. WHITEHURST et al.

Fraud—Assignment—Property Subject to Execution—Inventions—Creditor and Debtor.

1. While a purely mental conception of a judgment debtor cannot be subjected to the payment of his indebtedness, nevertheless if, by his knowledge and skill in such conception, he acquires an interest, which is the subject of assignment, such interest may be reached by his creditors.

2. A person being in embarrassed financial condition, conceived a formula for the manufacture of cigarettes, which he devoted to a company organized for the purpose of utilizing it, and as a consideration therefor, the company issued to the wife of the inventor shares of stock for which she paid no other consideration: Held, (1) that the issue of the stock to the wife was fraudulent as to the husband's creditors; (2) that the husband was not entitled to have them protected from the demands of his creditors, upon the ground that the stock was the product of his skill and labor, and he had a right to appropriate it to the support of his family.

This was a CIVIL ACTION, brought by the plaintiff as receiver, appointed in proceedings supplemental to execution, to recover of the defendants ninety-five shares of stock of the Durham Medicated Cigarette Company, tried before *Boykin, J.,* at the March Term, 1891, of DURHAM Superior Court.

The plaintiff introduced, without objection, the testimony of the defendant R. F. Whitehurst, before D. C. Mangum, Clerk Superior Court, in the supplemental proceeding before referred to. The defendants introduced no testimony, but demurred in terms to the evidence of plaintiff, and waived trial by jury and agreed that his Honor should render judgment without finding of facts. His Honor overruled the demurrer and gave judgment for plaintiff, from which judgment defendants appealed.

The other facts necessary to an understanding of the questions decided are stated in the opinion.

*Messrs. W. W. Fuller* and *J. S. Manning,* for plaintiff.
*Messrs. R. B. Boone* and *J. Parker,* for defendants.

SHEPHERD, J.: It is unquestionably true that the purely mental conception of a judgment-debtor cannot be reached by his creditors and subjected to the payment of his indebtedness. But, says Lord ALVANLY (referring to the proposition that an invention was an idea or scheme in a man's head which could not be reached by process of law): "If an inventor avail himself of his knowledge and skill and thereby acquire a beneficial interest which may be the subject of assignment, I cannot frame to myself an argument why that interest should not pass in the same manner as any other property acquired by his personal industry." *Hess v. Stevenson,* 3 B. & P., 565; Wait on Fraudulent Conveyances and Creditors' Bills, § 38. Mr. Wait, in § 24, says, "that the manifest tendency of the authorities is to reclaim

every species of the debtor's property, prospective or contingent, for the creditor.  As has been shown (he further remarks), transfers of intangible interest and rights in action, stocks, annuities, life insurance policies, book-royalties, patent rights, property of imprisoned felons, legacies a d choses in action generally, may be reached."  See, also, *Burton* v. *Farinholt*, 86 N. C., 260, and *Worthy* v. *Brady*, 91 N. C., 265.  If, therefore, as it appears in the present case, the judgment-debtor acquired a right to the stock in controversy in consideration of the formula furnished by him for the manufacture of medicated cigarettes, such a right was a beneficial interest, which was subject to the demands of his creditors; and if he, being insolvent, and without reserving sufficient property to pay his existing indebtedness, caused the said stock to be issued in the name of his wife (she not being a purchaser for value), it would seem very clear that the plaintiff would be entitled to the relief prayed for.

It is insisted, however, that the creditor has no lien upon the labor, skill or attainments of the debtor, and that he may gratuitously devote them to the support of his wife and family.  Granting the principle as laid down and qualified in *Osborne* v. *Wilkes*, 108 N. C., 673 (and further than this we are not prepared to go), we do not see how it applies to the case before us.  The judgment-debtor possesses a certain valuable formula which he sells for so much stock, which stock he procures to be issued in the name of his wife. This surely is not merely devoting his personal services and skill for the wife's benefit, but it is the acquisition by him of a thing of value which is subject to the claims of his creditors . Besides, it does not appear that he was to devote his services to the company, except to the extent that he was to carry out the formula and make it valuable.  Even if he had agreed to perform future personal services in consideration of the stock then issued, our case would not fall within the principle stated, for a debtor " is not permitted to treas-

ure up a fund accruing from his labor or vocation, whatever it may be, and claim that it shall be protected for the benefit of himself or his family against the demands of creditors. Every agreement or contrivance entered into with such a view to deprive his creditors of his future earnings and enable him to retain and use them for his benefit and advantage, or to make a permanent provision for his family, is fraudulent and void." Bump. Fraud Con., 270, citing *Hamlin* v. *Zimmerman*, 5 Sneed, 39; *Tuppon* v. *Childs*, 14 Barb., 85; *Patterson* v. *Campbell*, 95 Ala., 933, and other decisions.

As it is not contended, upon the testimony, that the wife is a purchaser for value, we are of the opinion, for the foregoing reasons, that the plaintiff was entitled to recover, and that the judgment should be affirmed.

Affirmed.