G. W. DAVISON et al. v. WEST OXFORD LAND COMPANY.

*Practice—Appeal—Judgment In Fieri During Term When Rendered.*

1. The rule that judgments date as of the first day of the term at which they are rendered has no application to appeals, as to which the rule is that they date from the last day of the term.

2. Where the trial term at which a judgment was rendered commenced before but was not adjourned until after the first day of the term of this court, the appellant need not docket his appeal until the ensuing term of this court.

MOTION to dismiss appeal of plaintiff from judment rendered against him at July, 1896, Term of GRANVILLE Superior Court, before *McIver*, J.

*Mr. A. J. Field*, for plaintiffs (appellants).
*Messrs. J. W. Graham* and *A. W. Graham*, for defendants.

CLARK, J.: This is a motion to docket and dismiss the plaintiff's appeal in this case under Rule 17. It appears that the term of the court below, at which the trial was had, began before the first day of this term of this court, but that it did not adjourn till after the term here had begun. While such appeal might be docketed at this term, this is not imperative (Rule 5, *Porter* v. *R. Co.*, 106 N. C., 478), and the motion to docket and dismiss must be denied. The rule that the term of a court is considered as one day and that all judgments date as of the first day of the term (*Farley* v. *Lea*, 20 N. C., 169; *Norwood* v. *Thorp*, 64 N. C., 682; *McNeill* v. *McDuffie*, 119 N. C., 336) is a very necessary one to place all judgments taken at the same term upon the same footing, without any priority, one over the other. But this rule has no application to an appeal,

since, as to that, all judgments, no matter on what day taken, are deemed as of the last day of the term, because they are *in fieri* (*Gwinn* v. *Parker*, 119 N. C., 19) till the actual adjournment of the court. Hence, notice of appeal, filing appeal bond, taking exceptions to the charge and serving "case on appeal" are all to be done, not within ten days of the first day of the term (*Worthy* v. *Brady*, 91 N. C., 265), nor within ten days of the actual rendition of the judgment, but from the adjournment. *Turrentine* v. *Railroad*, 92 N. C., 642; *Simmons* v. *Allison*, 119 N. C., 556; *Zell Guano Co.* v. *Hicks*, at this term. Till adjournment, the judgment, being *in fieri*, is not final, and hence when the adjournment of the court below takes place, after the beginning of the term of this court, the next term here will be the term at which the appellant is required to docket his appeal. Exceptions even to the legal fiction, that all judgments speak as of the first day of the term, will be found in *Clifton* v. *Wynne*, 81 N. C., 160, and *Whitaker* v. *Wisbey*, 74 E. C. L., 44.

Motion denied.