P. P. O'BRIANT v. J. W. WILKERSON et al.

(Decided May 17, 1898.)

*Action for Damages—Sale Under Execution—Liability of Sheriff—Liability of Execution Creditor—Validity of Execution—Pleading—Burden of Proof—Non Suit Under Chapter 109, Acts of 1897.*

1. Where a sheriff acts under an execution regular in form and issued by a court of competent jurisdiction, he incurs no liability to the judgment debtor for the seizure and sale of his property, although the judgment on which the execution issued may have been invalid.

2. Where, in an action by a judgment debtor against the judgment creditors to recover damages for procuring the sheriff to wrongfully seize and sell plaintiff's property, the complaint alleged that the sheriff sold his property under an execution, it was incumbent on the plaintiff to show on the trial that the seizure and sale were unlawful, and upon his failure to offer any evidence as to the invalidity of the judgment, it was not error to non-suit the plaintiff under Hinsdale's Act (Chapter 109, Acts of 1897).

CIVIL ACTION tried before *Adams, J.,* and a jury at October Term, 1897, of DURHAM Superior Court. The facts appear in the opinion. From a judgment for the defendant under Chapter 109, Acts of 1897, the plaintiff appealed.

*Messrs. Manning & Foushee* for plaintiff (appellant).
*Messrs. Winston & Fuller* and *Boone & Bryant* for defendants.

MONTGOMERY, J.: In the 7th allegation of the complaint the plaintiff declared that the defendant Rigsbee, as sheriff, under an execution issued against the plaintiff in this action in favor of the other defendants, Wilkersons, took the property described in the complaint

from his possession and sold it to satisfy the execution; but it was further alleged that the judgment on which the execution was issued was void because the summons in the action was not served upon the plaintiff and neither did he appear on the trial. Rigsbee in his answer averred that the execution was regular on its face and was issued to him from a court of competent jurisdiction; and the other defendants averred that the judgment was regular in all respects and that the plaintiff in this action, the defendant in that, made an appearance on the trial at which the judgment was procured. At the conclusion of the plaintiff's evidence, the now almost usual motion for judgment as in case of non-suit, was made under Chapter 109 of the Acts, 1897.

The plaintiff was the only witness and he testified as follows: "I was the owner of a brick machine of the make of H. C. Bruner & Co.; it was made of iron, and was the ordinary machine for making brick. The defendant, Rigsbee, took the machine in the Fall of 1895 from a shed on my father's land. I forbade the sheriff from taking it. I was not using the machine the day it was taken. Sheriff Rigsbee sold the machine."

There could be no liability on the part of the defendant Rigsbee under any aspect of the case, for his acts were performed under an execution regular in form and issued from a court of competent authority. *Farley* v. *Lea*, 20 N. C., 169. As to the other defendants, before a recovery could be had against them, the plaintiff was compelled to show that the judgment on which the execution was issued was void for the reason that the admission having been made that the defendant Rigsbee acted as sheriff under an execution in his hands, there

122—20

O'BRIANT v. WILKERSON.

was a presumption of the law that the judgment was regular. That allegation of the complaint could not be regarded as surplusage, as a statement of evidentiary matters. The complaint, it is true, might have been sufficient without it, and if the defendants, other than the sheriff, had undertaken to justify their action by an introduction of the execution or judgment as evidence, the plaintiff could have shown a lack of summons and that he made no appearance at the trial, if such was the fact. But, it having been alleged in the complaint that the sheriff sold the property under an execution, it became incumbent on the plaintiff to show that the seizure and sale were unlawful. This the plaintiff failed to do. No part of his testimony had any reference to the nature of the judgment. He relied upon the proof of the fact that the property was once his, and waited for the defendants to prove the regularity of the judgment on which the execution was issued, just as if he had left out the seventh allegation in his complaint. There was no error in the ruling of his Honor.

No error.