HOUSTON v. LUMBER CO.

(Filed November 1, 1904).

1. APPEAL—*Notice—The Code, sec. 549*

> A party to an action may appeal by serving notice thereof within
> ten days after the adjournment of court.

2. APPEAL—*Appearances.*

> The entry of a special appearance does not authorize counsel so ap-
> pearing to appeal from a judgment.

3. APPEAL—*Judgment by Default.*

> An appeal by counsel, "appearing specially," from a judgment by
> default is premature.

ACTION by B. R. Houston against the Greensboro Lum-
ber Company and J. T. B. Shaw, receiver, heard by *Judge
C. M. Cooke,* at January Term, 1904, of the Superior Court
of DURHAM County. From a judgment for the plaintiff the
defendant lumber company appealed.

*J. C. Biggs* and *Boone & Reade,* for the plaintiff.
*Winston & Bryant* and *J. A. Barringer,* for the defendant
lumber company.

CLARK, C. J. The summons issued against the "Greens-
boro Lumber Co. and J. T. B. Shaw, receiver." It was served
upon "J. T. B. Shaw, receiver of the Greensboro Lumber
Company." The action was dismissed as to the receiver on
demurrer because leave of Court had not been obtained to
bring action against the receiver. There was no answer or
demurrer filed as to the company and judgment against it
was taken by default and inquiry. After the adjournment
for the term, but within ten days thereafter, the defendant
entered a special appearance and gave notice of appeal.

A party to an action can take his appeal by serving notice within ten days after adjournment of Court. The Code, sec. 549; *Russell v. Hearne,* 113 N. C., 361; *Davison v. Land Co.,* 120 N. C., 259. But the appeal must be taken by a party to the action, and the entry of a special appearance did not authorize counsel so appearing to appeal. An appeal by counsel "appearing specially" is no appeal. *Clark v. Mfg. Co.,* 110 N. C., 111. .

The appeal, even if it had been regularly taken, was premature. If not duly served with process, the defendant "could either have disregarded the further proceedings of the Court, which would have been a nullity, or it could have had its exception noted and proceeded with the trial." *Guilford v. Georgia Co.,* 109 N. C., 312; *Mullen v. Canal Co.,* 112 N. C., 109, and numerous cases cited in Clark's Code (3 Ed.), p. 738; *Brown v. Nimocks,* 126 N. C., 808; *Cooper v. Wyman,* 122 N. C., 784, 65 Am. St. Rep., 731.

Appeal Dismissed.