UNAKA AND CITY NATIONAL BANK OF JOHNSON CITY, TENN., AND FIRST NATIONAL BANK OF BRISTOL, TENN., v. JOHN P. LEWIS AND WIFE, MADGE M. LEWIS.

(Filed 27 June, 1931.)

1. **Parties B c—Refusal of trial court to require interpleader bond in this case held not error.**

    Where the plaintiffs attach property and bring action against a husband and wife to have a deed from the husband to the wife set aside and to subject the property attached to the payment of the judgment, the wife is a necessary party, C. S., 456, and has a right to set up her claim to the property attached, C. S., 829, 840, and the refusal of the trial court to require the wife to give an interpleader bond is not error.

2. **Trial F a—Where issues submitted afford opportunity to introduce all pertinent evidence an exception thereto will not be sustained.**

    Where the issues submitted to the jury afford the parties opportunity to introduce all pertinent evidence and apply it fairly, an exception thereto by a party tendering other issues will not be sustained.

3. **Fraudulent Conveyances A d—Admission of testimony of wife that her money was used in purchase of land held not error.**

    Where, in an action to set aside a deed from a husband to his wife as being fraudulent as to his creditors, the trial court admits testimony by her to the effect that money received by her from her family was used in payment of the purchase price, and instructs the jury to consider the testimony only on the aspect of fraudulent intent of the husband in executing the deed, the admission of the evidence will not be held for error on the plaintiff's exception.

4. **Same—Where grantor retains property sufficient to pay his then existing debts his voluntary conveyance to wife is valid.**

    In an action against a husband and wife to set aside a deed from him to her as being voluntary and fraudulent as to creditors, an instruction that if the husband, taking into consideration his financial condition at the time of the execution of the deed and the fact that he had signed a guaranty for a company in which he was interested, and the financial

condition of the company and the other signers of the guaranty, if he had retained property sufficient to pay his then existing debts that the conveyance would be valid, is not error.

**5. Same—In action to set aside deed from husband to wife indebtedness of husband at time may be considered on question of his intent.**

In an action against a husband and wife to set aside a deed from him to her as being voluntary and fraudulent as to creditors, an instruction that the jury might consider the financial condition of the husband in determining the question of his fraudulent intent is not error.

**6. Same—Deed from husband to wife raises presumption of fraud as to creditors but where fair price is paid the deed is valid.**

A deed from a husband to his wife in consideration of love and affection is founded upon a good consideration, and is valid as to the parties, and where there is evidence that funds received by her from her family were used in the purchase the evidence is admissible to show a valuable consideration, although the deed recites a consideration of one dollar and love and affection, and although the relationship raises a presumption of fraud as to creditors, the presumption is rebuttable, and the deed is valid as to all parties if the consideration was a fair price for the land conveyed.

APPEAL by plaintiffs from *Lyon, Emergency Judge,* and a jury, at Fall Term, 1930, of WATAUGA. No error.

The following judgment was rendered by the court below:

"This cause coming on to be heard before his Honor, C. C. Lyon, judge presiding, and a jury, and the following issues having been submitted to the jury and answered as follows:

'1. Is the defendant, John P. Lewis, indebted to the plaintiff, Unaka and City National Bank of Johnson City, Tenn., and if so, in what amount? Answer: $16,275 with interest.

2. Is the defendant, John P. Lewis, indebted to the plaintiff, First National Bank of Bristol, and if so, in what amount? Answer: $5,000 with interest.

3. Did the defendant, John P. Lewis, execute the deed of 25 October, 1926, to his wife, Madge M. Lewis, with the purpose and intent to cheat and defraud and hinder or delay his creditors in the collection of their debts? Answer: No.

4. Is the feme defendant, Madge M. Lewis, the owner of the personal property or any part thereof that is in dispute, seized by the sheriff of Watauga County under the warrant of attachment in his hand in this cause, viz., two diamond solitaire rings, one cluster diamond ring, one diamond stick pin, one diamond dinner ring, one watch and chain, one breast-pin, the Major Donnelly horse and the Chrysler automobile, and if so, what part? Answer: 1913 and 1914 rings to Mrs. Lewis, remainder as personal property to plaintiffs.'

Plaintiffs moved to set aside the verdict on the third issue and moved the court on the pleadings and evidence to answer the third issue 'Yes,' which motion is denied and overruled and plaintiffs except.

The defendants, and especially the feme defendant, Madge M. Lewis, move to set aside the verdict on the fourth issue, which motion is denied and overruled and the defendants, especially the defendant Madge M. Lewis, excepts; whereupon the court renders the following judgment:

It is considered, ordered and adjudged that the plaintiff Unaka and City National Bank of Johnson City, Tenn., recover of the defendant, John P. Lewis, the sum of $16,275, together with interest on the component parts of said sum as follows, to wit: Interest on $5,000 from 24 August, 1929, and interest on $4,000 from 21 August, 1929, and interest on $7,275 from 26 August, 1929.

It is further ordered, considered and adjudged that the plaintiff, First National Bank of Bristol, Tenn., recover of the defendant, John P. Lewis, the sum of $5,000, together with interest thereon from 12 August, 1929.

It is further considered, ordered and adjudged that the defendant, Madge M. Lewis, is the owner in fee and entitled to the possession of the property described in the deed from John P. Lewis to Madge M. Lewis, dated 25 October, 1926, and registered in the office of the register of deeds of Watauga County, in Book 36, pages 92 and 93, and known as the Blowing Rock property.

It is further considered, ordered and adjudged that the defendant, Madge M. Lewis, is the owner of and entitled to the possession of the diamond rings given her by her husband in the years 1913 and 1914, and thus labeled.

It is considered, ordered and adjudged that the defendant, John P. Lewis, is and was at the time of the issuing of the warrant of attachment the owner of all the other personal property levied upon, by the sheriff under and by virtue of said warrant of attachment in this cause, to wit, the Chrysler automobile, the two horses and all the remainder of the jewelry, including one watch and chain, one breast-pin, one cluster diamond ring, one diamond stick-pin and all the other jewelry levied upon by the officer in this cause other than the two rings labeled 1913 and 1914, and this judgment is declared a specific lien upon said personal property, and that execution be issued to the sheriff or other lawful officer commanding him that out of said personal property levied upon he satisfy the judgment aforesaid or so much thereof as the proceeds of the sale of said personal property, after deducting the cost of this action will satisfy, and that the proceeds of said sale, after deducting the costs of this suit be applied to the discharge of the plaintiffs' judgment in this cause pro rata.

C. C. LYON, *Judge Presiding."*

Both the plaintiffs and defendants gave notice of appeal to the Supreme Court. Defendants did not perfect their appeal, so the appeal of plaintiffs is alone to be considered. Numerous exceptions and assignments of error were made by plaintiffs. The material ones and necessary evidence will be considered in the opinion.

*Cox, Taylor & Epps, Bingham, Linney & Bingham, T. C. Bowie and John E. Brown for plaintiffs.*
*W. C. Newland, S. J. Ervin and S. J. Ervin, Jr., for defendants.*

CLARKSON, J. We see nothing in plaintiffs' contention that there was error in the ruling of the court below in refusing to require Madge M. Lewis to give interpleader bond. C. S., 829, 840.

C. S., 840, is in part as follows: "When the property taken by the sheriff is claimed by any person other than the *plaintiff or defendant* the claimant may interplead upon filing an affidavit of his title and right to the possession of the property," etc:

Madge M. Lewis was a defendant in the action, made so by plaintiffs. The complaint of plaintiffs commenced "The plaintiffs, complaining of the *defendants,* allege and say." She had a right in her answer to set up her ownership to the Blowing Rock property and certain personal property. She was a necessary party for a complete determination of the action. C. S., 456. *Moorefield v. Roseman,* 198 N. C., 805.

The defendants did not perfect their appeal in reference to the finding of the jury on the fourth issue. The main controversy, therefore, is over the third issue, which we think enabled the parties to present every phase of the contention.

In *Hooper v. Trust Co.,* 190 N. C., at p. 428: "The test of the sufficiency of issues is, 'did the issues afford the parties opportunity to introduce all pertinent evidence and apply it fairly'?" *Erskine v. Motor Co.,* 187 N. C., at p. 831-2. The plaintiffs tendered other issues. The exception and assignments as to the issues submitted cannot be sustained.

The third issue: "Did the defendant, John P. Lewis, execute the deed of 25 October, 1926, to his wife, Madge M. Lewis, with the purpose and intent to cheat and defraud and hinder or delay his creditors in the collection of their debts?" This issue was answered "No" by the jury.

Is there any error on the record in reference to this issue and the answer thereto? We think not.

The real battle was waged over the deed made by John P. Lewis to his wife Madge M. Lewis, dated 25 October, 1926, to the "Blowing Rock" property.

The deed recited: "Witnesseth, that for and in consideration of one dollar cash in hand paid, receipt of which is hereby acknowledged, and love and affection."

C. S., 1005—conveyance with intent to defraud creditors void. C. S., 1007, is as follows: "No voluntary gift or settlement of property by one indebted shall be deemed or taken to be void in law, as to creditors of the donor or settler prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler; but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidenced only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper."

In *Shuford v. Cook,* 169 N. C., at p. 55, the following is said: "The plaintiff earnestly pressed this exception, but the act of 1840, now Revisal, 962 (C. S., 1007), provides that the court, where there is any evidence tending to show that at the time of the alleged fraudulent conveyance the grantor retained property fully sufficient and available for the satisfaction of his then creditors, shall submit the question to a jury 'with such observations as may be right and proper.' The presumption formerly arising from a voluntary conveyance made by a party indebted is thus removed and the indebtedness in such case is to be taken and held, in the language of Revisal, 962 (C. S., 1007), 'to be evidenced only from which an intent to delay, hinder and defraud creditors may be inferred.' *Hobbs v. Cashwell,* 152 N. C., 183." *Beasley v. Bray,* 98 N. C., 266.

"In *Garland v. Arrowood,* 177 N. C., at p. 374, it is said: 'The jury have found that there was no actual intent to defraud or, in other words, no *mala mens,* but if the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent with which it was made. *Black v. Saunders,* 46 N. C., 67; *Aman v. Walker,* 165 N. C., 224; *Michael v. Moore,* 157 N. C., 462. The burden of at least going forward with proof of such retention of property is upon the defendant, where, as found in this case by the jury, there is a voluntary gift or settlement. *Brown v. Mitchell,* 102 N. C., 347, 369; *Tredwell v. Graham,* 88 N. C., 208; *Cook v. Guirkin,* 119 N. C., 13; *Aman v. Walker, supra.'* . . . (See *Garland v. Arrowood,* 179 N. C., 697.) In the *Aman case, supra,* at p. 227, it is held: 'If the conveyance is voluntary, and the grantor retains property fully sufficient

and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.' " *Wallace v. Phillips,* 195 N. C., at p. 671-2; *Worthy v. Brady,* 91 N. C., 265; *Peoples Bank and Trust Co. v. Mackorell,* 195 N. C., 741; *Flowers v. American Agr. Chem. Co.,* 199 N. C., 456.

In *Faust v. Faust,* 144 N. C., at p. 387, is the following: " 'It was formerly held, although there was much conflict of opinion, that the clause stating the consideration in a deed or other instrument under seal must be held conclusive on the parties like other parts of the instruments and was not open to contradiction or explanation, but the more modern decisions settle the rule that although the consideration expressed in a sealed instrument is prima facie the sum paid, or to be paid, it may still be shown by the parties that the real consideration is different from that expressed in the written instrument. Accordingly, it is held, by an uncounted multitude of authorities, that the true consideration of a deed of conveyance may always be inquired into and shown by parol evidence.' 16 Cyc., 653. The course of the decisions of this Court is set forth with care and ability by *Shepherd, J.,* in *Barbee v. Barbee,* 108 N. C., 581; *Kendrick v. Ins. Co.,* 124 N. C., 315; *Deaver v. Deaver,* 137 N. C., 240." *Pate v. Gaitley,* 183 N. C., at p. 263; *Exum v. Lynch,* 188 N. C., at p. 396.

In *Mining Co. v. Smelting Co.,* 119 N. C., at p. 417-8, citing numerous authorities, "Looking alone to the derivation of the words 'solvent' and 'insolvent,' they mean respectively, able and unable to pay. Whether the adjective insolvent is used to define the condition of a decedent's estate or the financial status of a living person, its signification is the same. It means, unable to meet liabilities after converting all the property or assets belonging to the person or estate into money, at market prices, and applying the proceeds, with the cash previously on hand, to the payment of them. . . . But applying the crucial test, we will find that in the discussion of almost every appeal involving an issue of fraud and depending in any way upon the ability of a debtor to pay his debts at the time of making a conveyance, the discussions in the opinions of this Court have been predicated upon the assumption that solvency and insolvency depends upon the question whether the entire assets equal or exceed in value the total indebtedness. . . . (Citing authorities.) It would prove subversive of settled principles, and would tend to impair credit and embarrass trade, to give our sanction to a definition of an insolvent that would bring within the class of which it is descriptive every person, natural or artificial, who in the course of active business is unable to meet the demands of creditors without borrowing money." *Flowers v. Chemical Co.,* 199 N. C., 456.

The defendant, Madge M. Lewis, testified in part: "Since my marriage my people have given me quite a bit of money. I would say six or seven thousand dollars." She testified how it was used with her husband "and part went into the purchase of the Blowing Rock property." Plaintiffs objected to this testimony on the ground that the conveyance of 25 October, 1926, was a voluntary conveyance. This objection was sustained by the court below: "The court holding that it was not competent for the purpose of showing any additional consideration in the purchase of the Blowing Rock property. The court further holds that it may be offered in evidence for the purpose and which the jury may consider in passing on the fraudulent intent of the defendant, John P. Lewis, in making the deed of 25 October, 1926. Q. State to the court and the jury what amount of money indirectly or directly went into the purchase of the Blowing Rock property? Gentlemen of the jury, I am permitting the answer to this question, not for the purpose of showing that there was any valuable consideration paid for the Blowing Rock property by Mrs. Lewis, because the deed recites one dollar and love. It is not for the purpose of changing the consideration of the deed, but I am permitting it to enter in as bearing upon the fraudulent intent of John P. Lewis when he made the deed, and you may consider it for that purpose and no other. To this ruling of the court in excluding this evidence for the purpose of showing the consideration in the deed, defendants except. A. I should say half of the money went into the purchase of the property, amounting to two or three thousand dollars. Improvements were placed on the property after its purchase to the extent of about $1,500. My husband promised me a home in Blowing Rock some time before that deed of 25 October, 1926, some two or three years before. I went to Blowing Rock first for my health, and he promised me this home in Blowing Rock. My husband had used in his business some four or five thousand dollars of my money. Total purchase price of the Blowing Rock property was $5,500, exclusive of improvements put on it."

From the *Faust case,* above cited, this was more favorable than plaintiffs were entitled to. *McCanless v. Flinchum,* 89 N. C., 373.

The court below charged the jury: "The law in this case, gentlemen, is very plain, and very simple, and I am going to tell you what it is now, so that you can have your minds directed to that during the further charge of the court. As has been said by some of the counsel, and which has been said by the courts, a man must be just before he is generous. Our statute provides that before a man can make a voluntary gift or conveyance of his property, he being in debt at the time, that he must retain property sufficient and available for the payment of his then existing debts, and if he does not, then his voluntary gifts

or conveyances made by him are void. Now, the deed in question, the court charges you, is a voluntary deed made by a husband to his wife for the express consideration of one dollar and love. As between them that is a good deed. Thousands of conveyances in this State are made in the same way. It is only void, if void at all, as to creditors. The bare fact that a man makes a voluntary deed to his property is not a presumption that it is fraudulent, because a man has a right to do as he pleases with his property, provided he does not thereby defraud his creditors. (Now, the deed as I say is a voluntary deed, made upon a good consideration, but not a valuable consideration, and if Lewis retained property enough at the time of the conveyance and delivery of that deed to pay all of his then existing debts, taking into consideration that he was one of the four signers of this guaranty and the condition of the Tri-State Fruit Company at that time, I say if you find that he did have sufficient to pay all of his then existing debts under those circumstances, then it would be your duty to answer the third issue 'No.') (To the foregoing portion of charge in parentheses plaintiffs except.) If you are not so satisfied, the burden being on the defendants, Lewis, to satisfy you by the greater weight of the evidence that at the time of the delivery of this deed that he did retain property amply sufficient and available to pay his then existing debts, and if he has not so satisfied you by the greater weight of the evidence, it is your duty to answer the third issue 'Yes.' "

We can see no merit in the above exception and assignment of error, treating the deed as a voluntary conveyance between husband and wife, although the evidence of Madge M. Lewis was competent to show a valuable consideration. Plaintiffs have no cause to complain of this charge.

In *McCanless v. Flinchum, supra,* at p. 375, the following correct principle is set forth: A voluntary deed, executed by an insolvent person, is void *per se* as to creditors; where the deed is made upon a fair consideration it is not necessarily void; and where the transaction is between an insolvent father and his son, a rebuttable presumption of a fraudulent intent arises from the close relationship of the parties; therefore, where there was evidence tending to show that the deed was supported by a valuable consideration, and the judge' charged the jury that if at the time it was executed the bargainor did not retain property sufficient to pay his debts, then in law the deed is void, and failed to submit the question as to the bona fides of the transaction, it was held to be erroneous. At pp. 374-5: "Every sale of real or personal property made to a son by his father, at the time embarrassed with debts beyond his ability to pay them, is not necessarily fraudulent and void as to creditors. If the son honestly buys the land or other property

from the father in such circumstances, and pays for it a fair price, such a sale is good and valid as to everybody, and it stands on the same footing as if it had been made to a stranger. There is no reason why a father, unable to pay his debts, may not sell his property to his son, and the only difference between such a sale and one to a stranger is, that the close relationship between the father and son, if the bona fides of the sale shall be questioned, is a circumstance of suspicion, and evidence tending to show a fraudulent intent." The same principle applies to a conveyance by a husband to his wife. *Worthy v. Brady, supra.*

In *King v. Thompson,* 9 Peters (U. S.), 220; 9 Law Ed., 108, the following observation is made: "In testing the validity of that transaction (an alleged fraudulent conveyance), the subsequent fall of property, or failure of King, cannot be taken into view. The inquiry must be limited to his circumstances at the time. Was King when this property was received by the complainant, in a failing or embarrassed condition?" *Schreyer v. Scott,* 134 U. S., 408, 33 Law Ed., 959.

Certain prayers for instruction were given by the court below at the request of plaintiffs that were perhaps in some respects more favorable than plaintiffs were entitled to from the authorities heretofore cited.

"The court instructs you further that if at the time of the execution of a deed by one indebted he then retains property amply sufficient and available for the payment of such debts as he then owes, and in later years either by reason of an act of God, by fire, flood, tempest, or by reason of losses in business or other casualty, such as insolvency or financial embarrassment of those owing him which render them unable to pay the debts they owe him the grantor becomes financially embarrassed and the property he then owns insufficient for the payment of his debts, this does not affect the validity of the deed executed by him years before, but such deed, if valid when executed, remains valid and is not affected by financial embarrassment or insolvency which comes upon him years later. . . . (In considering and passing upon the question as to whether the deed executed by the defendant, John P. Lewis, to his wife, Madge M. Lewis, on 25 October, 1926, was executed with the fraudulent intent and purpose of hindering, delaying and defrauding the plaintiffs, you have the right and it is your duty to consider the evidence tending to show the financial condition and solvency, not only of John P. Lewis himself, but also the financial condition and solvency of the Tri-State Fruit Company, the party primarily liable for the payment of its debts to the plaintiffs, the payments of which were guaranteed under said contract executed by Lewis, Hanks, Sanders and Lacy. And you have a right and it is also your duty to consider the evidence tending to show the financial condition and solvency of Hanks, Lacy and Sanders, who also signed the contract of guaranty and were

equally liable with Lewis thereunder, and, if this evidence satisfies you that, at the time of the execution of said deed, the real and personal property then owned, held and retained by them was amply sufficient and available for the discharge of their liabilities and the payment of said indebtedness, and that the deed from John P. Lewis to his wife was executed in good faith and not for the purpose or with the intent of hindering, delaying or defrauding the plaintiffs or evading or escaping his liabilities, if any, under said contract of guaranty, then you will answer the third issue 'No.')"

To the foregoing portion of the charge in parentheses plaintiffs except.

From the facts appearing on this record we can see no objection to the above charge made by the court below to which plaintiffs excepted and assigned error. It was consonant with the law of this State and the authorities heretofore cited. We find no error in the refusal of certain prayers for instruction requested by plaintiffs, nor to the other assignments of error not herein considered. On the whole record we find no prejudicial or reversible error.

The conduct of the case by the court below was fair and impartial. The contentions of the parties on each side fully given. The charge was clear and the law, applicable to the facts, justly stated.

This is the last appeal that will come to this Court from the learned and conscientious judge who tried this case in the court below. At a great age, this righteous judge, who for nearly a quarter of a century adorned the Superior Court bench, has gone to his reward.

We find in the trial of this case, in law,

No error.